(No. 34012.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT E. SCHMIDT, Plaintiff in Error.

*Opinion filed January 24, 1957.*

EDWARD BASIL LANE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, CHARLES D. SNEWIND, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Plaintiff in error, hereinafter referred to as defendant, was indicted in the criminal court of Cook County during the October term, 1955, in case No. 55-2255, on a charge of taking indecent liberties with a certain child, and in case No. 55-2369, of a similar offense with another child. Upon his arraignment he entered pleas of not guilty thereto. The indictments were called for trial on November 19, 1955, at which time defendant waived trial by jury and elected to be tried by the court. Immediately thereafter, by leave of court, he withdrew his plea of not guilty to each of the indictments and pleaded guilty thereto, which was followed by a hearing in mitigation and aggravation pursuant to the provisions of the Criminal Code. Ill. Rev. Stat. 1955, chap. 38, par. 802.

The evidence of the prosecution in support of the charges made in the indictment was admitted by the agreement and stipulation of the defendant and the prosecution. At the hearing the defendant testified in his own behalf, being interrogated by his counsel and cross-examined by an assistant State's Attorney in charge of the prosecution. At the conclusion of the hearing the trial judge sentenced defendant to the penitentiary for a term of not less than 15 years nor more than 20 years under count 2 of the indictment 55-2255, for the crime of having taken indecent liberties with the eight-year-old boy named therein, and under indictment 55-2369 the trial judge sentenced defendant to the penitentiary for a term of not less than one year nor more than 10 years for the crime of having taken indecent liberties with the seven-year-old boy named in the indictment and ordered the last mentioned sentence to run concurrently with the first sentence.

To review the judgments of the trial court defendant has sued out a writ of error from this court to the criminal court of Cook County.

We omit a more detailed description of the crimes charged and the evidence introduced because such a description is too obscene and too gross to be spread upon the records of this court. The evidence in the record, however, amply supports the charges made in the indictments.

To reverse the judgment of the criminal court, defendant contends: (1) that the court erred in denying his motion to vacate or modify the sentence; (2) that one of the indictments to which he pleaded guilty was fatally defective in that the *time* the offense was alleged to have been committed was not charged with certainty; (3) that as to the other indictment there was a *variance* between proof and allegations; (4) that the court erred in failing to consider in mitigation evidence of the brilliant war record and previous good character of defendant; (5) that the court erred in considering immaterial and inadmissible evidence upon the hearing in question; and (6) that the court erred in failing to vacate sentence and judgment when defendant's plea of guilty was entered under a misapprehension of fact and law.

We will first consider the foregoing contentions relating to the indictments. The record discloses that indictment 55-2255, consisting of three counts, alleges the year in which the offenses were supposed to have been committed but fails to specify the *day* and *month,* the allegation as to the *time* appearing in each count in the following form: "that one Robert E. Schmidt late of County of Cook, on the ———— in the Year of Our Lord One Thousand Nine Hundred Fifty-five * * *."

The record discloses that the offenses charged in 55-2369 are alleged to have been committed on June 17, 1955. The evidence indicates that the offenses charged in 55-2255 were committed on June 10, 1955, and that the offenses charged against defendant in 55-2369 took place five or six days thereafter, which, therefore, would be on June 15, 1955, or June 16, 1955. This indictment, however, as above

stated, charges these offenses were committed on June 17, 1955. Based upon the foregoing matters, defendant contends that indictment 55-2255 is fatally defective; that as to indictment 55-2369, there was a fatal variance between the proof and allegation and that neither of the indictments could be pleaded by defendant in bar to a second charge; in other words that he is exposed to the danger of being put in jeopardy twice for the same offenses.

From a review of the authorities, however, it is apparent that the defect pointed out by defendant in respect to indictment 55-2255 is one which goes to the form and not to the substance of it. Advantage of such defects may be taken only by motion to quash before trial, since the statute (Ill. Rev. Stat. 1955, chap. 38, par. 719,) provides that "all exceptions which go merely to the form of an indictment, shall be made before trial, and no motion in arrest of judgment, or writ of error, shall be sustained, for any matter not affecting the real merits of the offense charged in the indictment."

The strictness of the common law in indictments has long since been abandoned and objections to the form of an indictment cannot be urged upon error unless they are first raised in the trial court. (*People* v. *Wagner,* 390 Ill. 384.) The technicalities of the common law in respect to the sufficiency of indictments have been considerably relaxed in recent years. Liberalization of the strictness heretofore existing has been achieved in some instances by judicial decision and in others by legislative enactment with the result that there have been holdings to the effect that the omission from the indictment of the time when the offense alleged therein was committed was not a fatal defect, especially where time is not a material ingredient of the offense charged. There are cases in which indictments drawn with blank day, month and year, or with blank year, or with blank day and month have been held effective, and it seems to be quite generally conceded that an indictment

is not fatally defective because the day of the month on which the crime is alleged to have been committed has been left blank therein, where such day is not of the essence of the offense charged, provided, of course, that the month and year alleged exclude the bar of the statute of limitation when such exclusion is necessary. 27 Am. Jur. Indictments and Informations, sections 70, 74.

Our previous holdings are in accord. In *People* v. *McGowan,* 415 Ill. 375, the information charged in that case that the offense was committed upon "the 7th day of April, 19—." Answering a contention that the information in that form was fatally defective, we there said: "This violates the rule that an information must allege the commission of an offense on a certain date prior to the filing of the information, which must be within the time fixed by law for the prosecution of the offense. (*People* v. *Angelica,* 358 Ill. 621.) Such irregularity is one of form only. In addition plaintiff in error neglected to take advantage of this defect in apt time. Section 9 of division XI of the Criminal Code (Ill. Rev. Stat. 1951, chap. 38, par. 719,) provides in part: 'All exceptions which go merely to the form of an indictment, shall be made before trial, and no motion in arrest of judgment, or writ of error, shall be sustained, for any matter not affecting the real merits of the offense charged in the indictment.' Plaintiff in error not only neglected to file a motion to quash or a request for bill of particulars, but he did in fact file a motion to suppress the evidence which stated in part 'that on, to-wit the 7th day of April, A. D. 1952, the police department of the City of Chicago, through its police force, forcibly and without right of search warrant, did seize and take evidence, * * *.' He was in fact fully informed of the date the offense was alleged to have been committed, and, furthermore, the proofs submitted in the trial of the case indicated that the offense was actually committed well within the period provided for by the statute of limitation.

We are, therefore, of the opinion that the defect was not fatal in the instant case."

In the case at bar the record discloses that on August 11, 1955, defendant was arrested in front of his home in Calumet City, Cook County, Illinois, to which he was taken by the police who then and there made a search of his home and seized (without a search warrant) certain pictures and films, which the defendant afterwards sought to suppress in a petition filed by him in which he alleged he feared they would be used against him upon the trial of this case.

In the instant case, as in the *McGowan case,* 415 Ill. 375, the defendant also failed to take advantage in apt time of the defect in the indictment by motion to quash. He, too, filed a motion to suppress the pictures and films seized by the police at the time of his arrest. And finally the date and dates of the occurrences in question were incorporated in the stipulation of the evidence entered into between the defendant and the prosecution. The defendant, in fact, was fully informed of the dates these offenses were alleged to have been committed, all of which were well within the period of the statute of limitation. Hence, we conclude that indictment 55-2255 is sufficient and the contention of defendant that it is fatally defective is without merit.

As to the contention of defendant that there was a fatal variance between the proof and allegation with respect to indictment 55-2369, this, too, we find to be without merit. In *People* v. *Angelica,* 358 Ill. 621, a similar complaint of variance was made. In that case the indictment charged the offense was committed on July 28, 1933. The complaining witness testified that the money (obtained from him by means of the confidence game) was given to the defendant in installments some days afterwards. In disposing of that contention we held: "Every indictment must allege the commission of the offense on a certain date prior

to the return of the indictment, which must be within the time fixed by law for the prosecution of the offense. It is not necessary, however, to prove the precise date as alleged unless the allegation of a special time is an essential ingredient of the crime or the running of the statute of limitation is involved. A slight variance as to the dates is immaterial. The indictment and the proof met all the requirements of the law. (*People* v. *Rockola,* 346 Ill. 27; *People* v. *Kircher,* 333 id. 200.)" In *People* v. *Rohde,* 403 Ill. 41, upon the same subject we said: "Although an indictment must allege the commission of an offense on a certain date prior to its return, and it must be a day within the time prescribed by law for the prosecution of the offense, proof of the precise date as alleged is unnecessary unless time is an essential ingredient of the crime or the running of the period of limitation, as the date alleged includes any time within such period. *People* v. *Taylor,* 391 Ill. 11."

We find no merit in any of the remaining assignments of error made by defendant. Many of the statements made in connection with the argument in support of such assignments are completely without any foundation in the record. We find nothing in the record to support the contention of defendant that the court failed to consider all of the evidence offered in mitigation. Apart from the war record of defendant, if that be regarded as a mitigating circumstance, we find no other evidence in the record of a mitigating nature. To us it appears from the record that the court considered all of the evidence offered upon the hearing. Nor is there anything in the record indicating that the trial court considered any immaterial or inadmissible evidence upon such hearing.

As to the contention of defendant that his plea of guilty was entered under misapprehension of fact and law, a careful scrutiny of the record fails to disclose anything whatever in support thereof. On the contrary the record shows that it was the desire of defendant to enter a plea

of guilty to each of the indictments and to proceed immediately to a hearing thereon in mitigation or aggravation, and this he did of his own volition. It appears from the record that this conclusion was reached as a result of a conference held by defendant, his father, and both of defendant's counsel. There is no evidence in the record to indicate that anyone in authority or otherwise made any promises in regard to the term or length of his sentence in consideration of his pleading guilty to the indictments.

It is well established that an accused who enters a plea of guilty to a criminal offense, hopeful of leniency, should not be permitted to withdraw that plea merely because he is dissatisfied with the sentence imposed. (*People* v. *King,* 1 Ill.2d 496.) The principle involved in the foregoing rule of law is even more applicable to the instant case where no motion to withdraw the plea of guilty was made. Here the defendant moved only to have the sentence vacated or modified.

In passing sentence upon a guilty criminal the trial judge is invested with judicial discretion within the limits of punishment fixed by law. If that discretion has not been abused and if the prisoner at the bar has not been materially prejudiced by the procedure which the court adopts in conducting the inquiry required by the Criminal Code this Court will not interfere with the judgment pronounced. *People* v. *Riley,* 376 Ill. 364.

Moreover, in passing the sentences upon defendant, the trial court had before it the evidence admitted by stipulation of the parties as aforesaid which fully proved the commission of the offenses by defendant as charged in the indictments; defendant's plea of guilty to each indictment and the testimony of the defendant in which it appears that at the time of the occurrences he was 33 years of age, single and lived alone in his own home in Calumet City; that there were always children from one to a dozen around his house; that from 1947 to 1955 he was active in the

Boy Scout movement, having been a Cub Master, Scout Master and supervisor during which time he participated in all scout activities including hiking trips, and that he always had a number of boys under his supervision and control. Upon direct examination by his counsel defendant admitted that homosexuality had always played a part in his life; that within the last two or three years he experienced the strongest of such tendencies and that he had taken from 150 to 200 pictures of young boys, including the complaining witnesses, while in the nude. On the other side of the ledger defendant testified to efforts made by him to resist his homosexual tendencies by entering a school to prepare him for the priesthood where he sought prayer to help him and to a conference with a psychiatrist after his arrest and indictment; that when beset by this tendency a conflict of emotions would set in resulting in what he called hysteria and that on two such occasions he blanked out and afterwards could not recall what had happened when in this mental state.

We find no indication in the record of an abuse by the trial court of the judicial discretion vested in the court in such matters as these. We are convinced that in passing the sentences upon defendant no reversible error was committed by the trial court. The judgments entered are correct and, therefore, are affirmed.

*Judgments affirmed.*