**People of the State of Illinois, Defendant in Error, v. Ronald Franciere, Plaintiff in Error.**

**Gen. No. 49,397.**

First District, Fourth Division.

April 15, 1964.

Julius Lucius Echeles, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney, of Chicago (James Thompson, Assistant State's Attorney, of counsel), for defendant in error.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

This is a combined appeal from a revocation of defendant's probation and dismissal of his post-conviction petition.

After a sanity hearing, defendant was permitted to plead guilty to three indictments charging auto theft, and on March 27, 1961 he was placed on probation for five years. In addition to the usual statutory conditions of probation (e. g., that the probationer not violate any criminal law; that he report periodically to his Probation Officer), the court also provided, among other conditions, the following:

(1) To submit to psychiatric care until cured. Report monthly.
(3) To be gainfully employed.
(4) Monthly church attendance.

On May 7, 1962, on petition of the Probation Officer, a rule was issued on defendant to show cause why his probation should not be revoked. The bases for the rule were that:

(1) Defendant was charged with burglary in the Municipal Court of Chicago. The charge was

nolle prossed as defendant was in the Illinois State Psychopathic Institute.

(2) Two months later defendant was discharged from the Institute and a Social Worker there advised the Probation Officer that defendant "had failed in their program"; that he had had sexual relations with female patients.

(3) "The defendant was a poor Catholic but accepted help from St. Vincent DePaul."

(4) An employee at the Welfare Commission advised the Probation Officer that "defendant had gone to the Bethany Lutheran Church, Thorndale and Magnolia asking for help and berating the Catholic Church."

(5) An ambiguous charge from which it might be inferred that defendant had failed to report properly to the Probation Officer.

Another Behaviour Clinic examination of defendant was ordered and the rule to show cause came on for hearing on May 28, 1962. Defendant was present but without counsel as he had expected to be represented by the Public Defender who was absent. A lawyer friend of defendant's family was in court as a spectator, but had not been retained to represent defendant. Apparently on the misunderstanding that this lawyer was acting as counsel for defendant, the court proceeded with the hearing. At its conclusion defendant's probation was revoked in all three cases, and he was sentenced to the penitentiary for concurrent terms of two to six years.

In the light of this court's decision in People v. Burrell, 334 Ill App 253, 258, 79 NE2d 88; other decisions, including Gideon v. Wainwright, 372 US 335; Douglas v. California, 372 US 353; and the language of the statute governing such a hearing, which provides that the probationer's "right to have counsel shall be the same as in the action which resulted in such proba-

tion" (Ill Rev Stats, c 38, § 789.1); the State's Attorney has filed in this court a Confession of Error that the hearing in question was "conducted in violation of [defendant's] statutory and constitutional rights to counsel."

█ █ Defendant has raised a second point, however, which is not expressly covered by the Confession of Error and which we feel obliged to consider. That point is that, regardless of the absence of counsel, there was nothing which transpired at the hearing which justified revocation of defendant's probation. We agree.

Again referring to the statute controlling this type of hearing, we find that the discretionary authority of the court to revoke probation and impose sentence arises only "when the court determines *from a preponderance of the evidence* that probation has been violated." (Emphasis supplied.) Ill Rev Stats, c 38, § 789.1. In the instant case no testimony was taken and no evidence of any kind was introduced. We are, therefore, compelled to hold that since the revocation order lacks an evidentiary basis, it cannot stand.

█ From the colloquy among court, state's attorney, probation officer and defendant, as shown by the record, we gather that there was no real concern over the possibility that defendant might have committed a burglary. Nor could it be said that defendant's reporting to the probation officer was anything worse than irregular or sporadic, due perhaps to his wanting to avoid loss of time from work. We sense, however, a conscientious and genuine concern on the part of the court that defendant might have violated the discretionary conditions of probation which were included in the original order and which are set forth in the second paragraph of this opinion. We feel we should point out that the paragraph of the statute which authorizes the imposition of such conditions provides also that their violation "shall not be ground

for revoking the order admitting the defendant [to probation], but shall be deemed in contempt of the Court and defendant may be proceeded against as in other cases of contempt." Ill Rev Stats, c 38, § 787. While this provision has been repealed as of January 1, 1964 and it has no counterpart in the new Code of Criminal Procedure (see c 38, §§ 117–2 and 117–3) it is our opinion that the repealed statute controlled this case. Ill Rev Stats, c 38, §§ 125–3 and 125–4.

■ Defendant has also filed a petition for writ of error to review dismissal of his post-conviction petition which pertains exclusively to matters involved in the proceedings which resulted in revocation of probation. Since these were not the "proceedings which resulted in his conviction" the Post-Conviction Hearing Act is not applicable and the petition was properly dismissed. Ill Rev Stats, c 38, §§ 826, 122–1; Supreme Court Miscellaneous Order No. 3460, People v. Freeman. Writ of error in the post-conviction proceeding is, therefore, denied.

The orders revoking defendant's probation and sentencing him to the penitentiary are reversed.

Reversed in part, writ of error denied in part.

DRUCKER and McCORMICK, JJ., concur.