PEOPLE v PERSON

1. BAIL—FORFEITURE—SHOW CAUSE HEARING—DUE PROCESS.
   Due process requires that a show-cause hearing be conducted before a judgment may be entered against a surety on the forfeiture of a bail bond (MCLA 765.28).

2. CONTEMPT—BAIL—BOND FORFEITURE—REMEDIES.
   The exercise of contempt power is not the proper method to secure payment from sureties on a bond forfeiture where, by statute, execution on a bond forfeiture judgment is available (MCLA 765.28).

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 October 3, 1973, at Detroit. (Docket No. 11657.) Decided February 20, 1973.

Judgment against International Fidelity Insurance Company, surety of Jerome Person, for forfeiture of a bond. International Fidelity found in contempt for failure to pay judgment. International Fidelity appeals. Reversed and remanded.

*Norman L. Zemke, P. C.,* for defendant International Fidelity Insurance Company.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

J. H. GILLIS, J. International Fidelity Insurance Company, appellant herein, brought this appeal from the entry of judgment on a forfeited criminal

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Bail and Recognizance § 7.

bail bond and a contempt citation for failing to pay the judgment.

In 1970, defendant Jerome Person was charged with breaking and entering. Early in 1971 appellant provided a $1,000 bond securing defendant's release from jail pending trial.

On March 14, 1971, defendant failed to appear for trial after a recess and the trial court ordered forfeiture of the bond. On April 17, 1971, the trial court ordered a judgment entered on the bond forfeiture and on April 20, 1971, scheduled a show-cause hearing on why appellant should not be held in contempt for failure to pay the judgment.

At the show-cause hearing appellant offered testimony showing what efforts it, and its agents, had made at, and prior to, defendant's failure to appear to secure his attendance and relieve itself of liability on the bond. See MCLA 765.26; MSA 28.913. At the conclusion of the hearing, the trial court found appellant in contempt for its prior failure to pay the judgment, levied a fine of $250 and again ordered judgment on the bond.

MCLA 765.28; MSA 28.915, provides, in part:

"[T]hat whenever default shall be made in any recognizance in any court of record, the same shall be duly entered * * * and thereafter said court, upon the motion of [the prosecuting official], may give the surety * * * 20 days' notice * * * . Said surety * * * shall be given an opportunity to appear * * * and show cause why judgment should not be entered * * * ."

Thus, it readily appears the trial court could not, by statute, order judgment on the forfeited bond without first conducting a show-cause hearing. Due process so requires. *Milford v People's Community Hospital Authority,* 380 Mich 49 (1968); *Laird v Rinckey,* 371 Mich 96 (1963).

The hearing conducted in this case was to determine whether appellant should be held in contempt, not necessarily whether the prior judgment, entered apparently *ex parte,* was valid. The exercise of contempt power is not the proper method to secure payment from sureties. *Jones v Wayne Circuit Judge,* 236 Mich 313 (1926). By statute, MCLA 765.28, *supra,* execution on a bond forfeiture judgment is available. Where such a remedy exists the contempt power is not available. See MCLA 600.1701(5); MSA 27A.1701(5); *Belting v Wayne Circuit Judge,* 245 Mich 111 (1928).

Accordingly, we reverse the judgment entered on the forfeited bond and vacate the contempt citation and its accompanying fine. Upon remand this case stands as it did before judgment, awaiting a show-cause hearing pursuant to MCLA 765.28, *supra,* on the forfeited bond.

Reversed and remanded.

All concurred.