THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM LEONARD GALLINGER, Defendant-Appellant.

Fourth District   No. 4—89—0077

Opinion filed December 6, 1989.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

The defendant, William L. Gallinger, appeals from a contempt citation imposed in a probation revocation proceeding. We reverse and remand.

In April 1988, the defendant pleaded guilty to the felony offense of aggravated battery. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6).) The circuit court sentenced the defendant to a 30-month period of probation.

In October 1988, the defendant was found guilty of a misdemeanor offense of battery. (Ill. Rev. Stat. 1987, ch. 38, par. 12—3.) The circuit court sentenced the defendant to a 12-month term of supervision.

The prosecution filed a petition to revoke the probation of the defendant based on the misdemeanor battery offense. At the revocation proceeding, through judicial notice of the finding of guilt as to misdemeanor battery and disposition of supervision against the defendant, the circuit court found the prosecution had proved the allegations of the petition. As a sanction for this probation violation, the circuit court found defendant in contempt and imposed a five-month

term of incarceration in the county jail. Defendant appeals, and we reverse.

The prosecution limits its argument on appeal to a contention the defendant has not perfected his appeal from the contempt citation entered in the probation revocation proceeding. See *People v. Harvey* (1972), 5 Ill. App. 3d 499, 285 N.E.2d 179.

■ A party perfects his appeal by filing a timely notice of appeal in the circuit court. (107 Ill. 2d Rules 301, 303, 606.) The notice of appeal must state both "the judgment *** appealed from and the relief sought from the reviewing court." (107 Ill. 2d R. 303(c)(2).) Accordingly, the reviewing court has jurisdiction over only those issues properly stated in the notice of appeal. *Harvey*, 5 Ill. App. 3d at 502, 285 N.E.2d at 181.

When the defendant filed his notice of appeal, he erroneously stated the judgments appealed from as "[r]evocation of [p]robation and sentence." The defendant apparently intended to appeal from the contempt citation entered in a probation revocation proceeding.

■ A notice of appeal is liberally construed in the absence of prejudice to the nonappealing party. The notice of appeal here, considered as a whole, fairly informs the prosecution of the issues on review. This sort of technical defect in the form of the notice of appeal is not fatal to the jurisdiction of the reviewing court. *Dorsey v. Spencer* (1985), 130 Ill. App. 3d 1080, 1086-87, 475 N.E.2d 282, 286.

The defendant contends he was not accorded the procedural formalities applicable to indirect criminal contempt proceedings. See *People v. Javaras* (1972), 51 Ill. 2d 296, 281 N.E.2d 670.

■ The circuit court has an inherent power to punish litigants for contempt in legal proceedings. This power allows the circuit court to maintain authority in both the administration and the execution of its judicial duties. (*Javaras*, 51 Ill. 2d at 299, 281 N.E.2d at 671.) We decline the defendant's request to hold any time a defendant violates the terms of his probation by committing a criminal offense, the alleged violation *must* be prosecuted as provided by the Unified Code of Corrections and not by contempt. The existence of a statutory remedy does not foreclose the use of the inherent power of contempt. The contempt power of the circuit court is a proper sanction for a violation of probation. *People v. Patrick* (1980), 83 Ill. App. 3d 951, 404 N.E.2d 1042.

■ In this case the alleged contempt is based on the misdemeanor battery disposition of supervision. Although the defendant may later be discharged and have that disposition dismissed (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—3.1(f)), that does not foreclose the

prosecution from seeking revocation of his probation for the underlying criminal misconduct. This is not a situation where defendant has *successfully completed* a term of supervision and the disposition has been improperly considered for impeachment (*People v. Schuning* (1985), 106 Ill. 2d 41, 476 N.E.2d 423) or at sentencing (*People v. Calvert* (1981), 100 Ill. App. 3d 510, 426 N.E.2d 1218).

At the revocation hearing, the court took judicial notice of the misdemeanor battery disposition of supervision. The court found the prosecution had proved the petition to revoke probation by the evidence presented. It is clear from the remarks of counsel, and the trial court's observations, the revocation proceeding was conducted using the preponderance of the evidence standard.

The State requested the finding of contempt and asked for a 90-day term of incarceration for defendant. Rather than revoking defendant's probation and sentencing him anew or modifying the conditions of probation (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(e)), the circuit court granted the State's request and found defendant in contempt for his failure to abide by the terms of his probation and sentenced him to five months' incarceration in the McLean County jail.

■ Although the circuit court did not characterize the nature of the contempt, the litigants concede the citation is one of indirect criminal contempt. (See *People v. L.A.S.* (1986), 111 Ill. 2d 539, 490 N.E.2d 1271; *In re J.L.D.* (1989), 178 Ill. App. 3d 1025, 534 N.E.2d 190.) The alleged contempt, a violation of probation, was indirect because it occurred outside the presence of the court. It is criminal contempt because the citation was intended to punish the defendant for his disregard of the authority of the court. *People v. Mowery* (1983), 116 Ill. App. 3d 695, 701-03, 452 N.E.2d 363, 368-69.

■ In a proceeding to punish for indirect criminal contempt, the defendant must be accorded all fundamental procedural protections under due process of law. (*L.A.S.*, 111 Ill. 2d at 543-44, 490 N.E.2d at 1273.) Specifically, the defendant is entitled (1) to notice of the charges against him by citation, information, or rule to show cause; (2) to file an answer to the charges; (3) to the assistance of legal counsel; (4) to defend against the charges in a full hearing; and (5) *to be proved guilty beyond a reasonable doubt.* (*Javaras*, 51 Ill. 2d at 300, 281 N.E.2d at 672; *Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, 209-10, 357 N.E.2d 477, 479.) Absent such procedural protections, the reviewing court will reverse the contempt citation against the defendant on appeal. *J.L.D.*, 178 Ill. App. 3d at 1031, 534 N.E.2d at 194; *People v. Boucher* (1989), 179 Ill. App. 3d 832, 535 N.E.2d 56.

■ The defendant here was not accorded the procedural formalities applicable to indirect criminal contempt proceedings. First, the prosecution did not advise the defendant in the revocation petition of the possibility he could be subject to punishment for contempt. (*People v. Waldron* (1986), 114 Ill. 2d 295, 303-04, 500 N.E.2d 17, 21.) Second, the prosecution did not prove beyond a reasonable doubt the defendant wilfully violated his probation in a full hearing. (*J.L.D.*, 178 Ill. App. 3d at 1031-33, 534 N.E.2d at 194-95.) It was improper for the circuit court to enter the contempt citation against the defendant in the probation revocation proceeding because notice was lacking and the prosecution was not held to the higher burden of proof required in a proceeding for indirect criminal contempt.

It appears a contempt determination was viewed as a lesser sanction than a termination of probation and sentencing on the original charge. While contempt proceedings may be so viewed in a practical sense in the trial court, this practice overlooks the due process requirements for a finding of indirect criminal contempt.

If a prosecutor actually prefers to seek a determination of indirect criminal contempt, then a defendant must be afforded all fundamental procedural protections under due process of law. As we noted in *People v. Mowery* (1983), 116 Ill. App. 3d 695, 704, 452 N.E.2d 363, 370:

> "The inherent power of contempt is a powerful one; it is not to be used lightly nor when other adequate remedies are available; if it is used, it must conform strictly to the dictates of the law."

While we adhere to the position that the contempt power of the court *may* be used to sanction a probation violation, the broad powers of the court under statutory law (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(e)) are better suited for the enforcement, management, and modification of a sentence of probation.

The contempt finding and sentence against the defendant are reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

GREEN and McCULLOUGH, JJ., concur.