(No. 91241█

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JASON SETH MILLER, Appellant.

*Opinion filed May 23, 2002.*

GARMAN, J., took no part.

FREEMAN, J., specially concurring.

HARRISON, C.J., joined by KILBRIDE, J., dissenting.

Daniel D. Yuhas, Deputy Defender, and Gary R. Peter-

son, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield (Joel D. Bertocchi, Solicitor General, and William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE FITZGERALD delivered the opinion of the court:

Defendant, Jason Seth Miller, pleaded guilty to the charge of aggravated criminal sexual abuse. 720 ILCS 5/12—16(d) (West 1996). He was sentenced to two years' probation on June 6, 1997. Defendant's probation was revoked on March 29, 1999, after he admitted allegations contained in the State's petition to revoke his probation; the trial court resentenced him to an additional two years' probation. On September 7, 1999, the State filed a second petition to revoke defendant's probation. The petition alleged: (1) defendant failed to keep appointments with the probation office; (2) defendant failed to obtain an alcohol evaluation; and (3) defendant failed to complete a court-ordered treatment program.

At the probation revocation hearing, over the objection of defendant's attorney the State called defendant as an adverse witness. The State called no other witnesses. Following defendant's testimony, the trial court revoked the order of probation and sentenced defendant to a term of five years' imprisonment. The trial court denied defendant's motion to reconsider the sentence. The appellate court affirmed the judgment of the trial court. No. 4—00—0020 (unpublished order under Supreme Court Rule 23). We granted defendant's petition for leave to appeal (see 177 Ill. 2d R. 315).

On appeal to this court, defendant argues that the State violated his right against self-incrimination, pursuant to article I, section 10, of the Illinois Constitution

(Ill. Const. 1970, art. I, § 10), by calling him as an adverse witness to testify against himself. Further, defendant argues that the prosecutor at defendant's motion to reconsider his sentence labored under a *per se* conflict of interest.

We reject defendant's first claim of error for the reasons set forth in *People v. Lindsey*, 199 Ill. 2d 460 (2002). It is clear from the record that defendant did not face a realistic threat that his answers at the probation revocation hearing would incriminate him in any further proceedings. Therefore, defendant's testimony at the probation revocation hearing did not violate defendant's privilege against self incrimination, pursuant to article I, section 10.

Defendant next argues that the prosecutor, at defendant's motion to reconsider the sentence following the probation revocation hearing, labored under a *per se* conflict of interest. We review this issue *de novo*. *People v. Carlson*, 185 Ill. 2d 546, 551 (1999).

In the present case, Gayle Garner represented defendant as an assistant public defender at the beginning of the case. She represented defendant at the waiver of the preliminary hearing. Further, she filed a discovery motion, a discovery answer, and a bond-reduction motion on defendant's behalf. Throughout the remaining proceedings, defendant was represented by a different assistant public defender. Pursuant to a plea agreement, defendant pleaded guilty and was sentenced to probation. The probation was later revoked and defendant was sentenced to a term of five years' imprisonment. At the hearing on the motion to reconsider the sentence, Garner appeared as an assistant State's Attorney and argued that defendant willfully disregarded the trial court's order and that the sentence was proper. The trial court denied defendant's motion.

An attorney cannot represent conflicting interests or

undertake to discharge inconsistent duties. *People v. Lawson*, 163 Ill. 2d 187, 209 (1994); *People v. Spreitzer*, 123 Ill. 2d 1, 13-17 (1988); *People v. Washington*, 101 Ill. 2d 104, 110 (1984); *People v. Kester*, 66 Ill. 2d 162, 166-67 (1977); *People v. Stoval*, 40 Ill. 2d 109, 112-13 (1968). A defendant who fails to raise a conflict of interest issue in the trial court cannot succeed on appeal unless he demonstrates that he was actually prejudiced. *Spreitzer*, 123 Ill. 2d at 17. An exception exists in the case of a *per se* conflict of interest. When a *per se* conflict exists, prejudice is presumed; defendant is not required to demonstrate that the conflict contributed to the conviction. *Lawson*, 163 Ill. 2d at 210, 218.

A *per se* conflict of interest arises where "certain facts about the defense counsel's status, *by themselves,* \*\*\* engender a disabling conflict." (Emphasis added.) *Lawson*, 163 Ill. 2d at 211; *Stoval*, 40 Ill. 2d at 113 ("the mere existence of the conflict is sufficient to constitute a violation"). Often this conflict is the attorney's previous or contemporaneous association with either the victim, the prosecution, or an entity assisting the prosecution. *Lawson*, 163 Ill. 2d at 211. For example, in *Kester*, 66 Ill. 2d at 167, the defendant was represented by appointed defense counsel who previously appeared in the same case as the prosecuting assistant State's Attorney. We held that a potential conflict was present and applied the *per se* conflict of interest rule, holding that it was unnecessary for the defendant to show actual prejudice. *Kester*, 66 Ill. 2d at 167 (there was the "possibility that the attorney might be subject to subtle influences which could be viewed as adversely affecting his ability to defend his client in an independent and vigorous manner"); see also *Lawson*, 163 Ill. 2d at 218 (holding that defendant was entitled to reversal where defendant's court-appointed defense counsel also previously served in the same criminal proceeding as the assistant State's Attorney); *Stoval*,

40 Ill. 2d at 113 (despite any apparent lack of diligence on the part of the defense counsel, sound policy disfavored the representation because the defendant's second court-appointed counsel previously represented the store that the defendant allegedly burglarized).

In the instant matter, the court-appointed attorney who represented defendant as defense counsel later acted as the prosecutor in the same criminal case. We find that such representation creates a *per se* conflict of interest. We realize that due to the high volume of cases circulating through both the public defender's office and the State's Attorney's office, Garner may not have realized that she had previously represented defendant. Further, it is apparent that neither Garner nor her supervisors recognized the possible conflict. Nonetheless, it is clear from the record that Garner was personally involved as both defense counsel and as the prosecutor. As defense counsel at the preliminary hearing, she announced defendant's intention to assert a variety of defenses. She further conferred with defendant, filed a motion for reduction of bail and filed discovery on behalf of defendant. As the prosecutor, however, she argued that defendant had willfully disregarded the trial court's probation order. Even though her initial role as the assistant public defender involved routine motions and her role as the prosecutor occurred at the tail end of the case, her involvement, nevertheless, spanned the entire criminal proceeding. We find that under the circumstances here, a conflict of interest existed and that fairness dictates application of the *per se* conflict of interest rule. See *Lawson*, 163 Ill. 2d at 218; *Stoval*, 40 Ill. 2d at 113; *Kester*, 66 Ill. 2d at 167-68.

For the foregoing reasons, we hold that defendant's testimony at the probation revocation proceeding did not implicate the privilege against self-incrimination contained in article I, section 10, of the Illinois Constitution.

However, because a *per se* conflict of interest exists, we remand the matter for rehearing on defendant's motion to reconsider the sentence. Accordingly, we affirm in part and reverse in part the judgments of the appellate and circuit courts and remand this matter to the circuit court for rehearing on defendant's motion to reconsider the sentence.

*Appellate court judgment affirmed in part*
*and reversed in part;*
*circuit court judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

JUSTICE GARMAN took no part in the consideration or decision of this case.

JUSTICE FREEMAN, specially concurring:

I join in the result reached by the plurality because the State did not charge defendant with indirect criminal contempt and the circuit court did not impose any punishment for contempt upon defendant. I do so with the understanding that where the State calls a defendant as an adverse witness at a probation revocation hearing, the defendant's answers may not be used to support a finding of criminal contempt.

At least two Illinois courts have held that sentencing for contempt of court is a proper sanction for a violation of probation. See *People v. Gallinger*, 191 Ill. App. 3d 488, 490 (1989) ("The contempt power of the circuit court is a proper sanction for a violation of probation"); *People v. Patrick*, 83 Ill. App. 3d 951, 954 (1980) ("Because of the court's inherent contempt power and because the comments of the group drafting the Unified Code of Corrections indicate that the format of the Code was adopted with a recognition of the existence of that inherent power as one added sanction, we deem the court to have possessed power to punish for contempt in this case"); see

also *People v. Colclasure*, 48 Ill. App. 3d 988, 991 (1977) ("Because of the statutory history of use of the contempt sanction for probation violations, the similarity between sentences of probation and periodic imprisonment and analogy to the common law treatment of sanctioning willful violations of other court orders by contempt, we conclude that a trial court is empowered to punish a willful violation of a condition of periodic imprisonment by holding the violator in indirect criminal contempt"). Further, as noted in the council commentary to the probation revocation statute (730 ILCS Ann. 5/5—6—4, Council Commentary, at 95 (Smith-Hurd 1997)), "the court retains the sanctions of criminal contempt and fining the offender for violating the conditions of probation." Because a defendant may be sanctioned for criminal contempt for a violation of the conditions of probation, it is imperative that the defendant's answers at the probation revocation hearing not be used to support a finding of contempt. Neither may the State use the fruits of the defendant's testimony against him in a proceeding for contempt. See *McCracken v. Corey*, 612 P.2d 990 (Alaska 1980) (where the court used its inherent supervisory powers to exclude the parolee's testimony as well as the fruits of the parolee's revocation hearing for purposes of the parolee's subsequent criminal trial). A defendant may not be required to choose between answering the State's questions, thus supplying the foundation for a finding of contempt, and jeopardizing his conditional liberty by remaining silent. See *Minnesota v. Murphy*, 465 U.S. 420, 79 L. Ed. 2d 409, 104 S. Ct. 1136 (1984). However, "a State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination." *Murphy*, 465 U.S. at 435 n.7, 79 L. Ed. 2d at 425 n.7, 104 S. Ct. at 1146 n.7.

CHIEF JUSTICE HARRISON, dissenting:

I agree that the prosecutor who appeared on defendant's motion for reconsideration of his new sentence labored under a *per se* conflict of interest. I would further hold, however, that the probation revocation proceedings preceding the resentencing were constitutionally infirm.

Probation is a criminal sentence authorized under the Unified Code of Corrections (see 730 ILCS 5/5—6—1 (West 2000)) where a defendant has been adjudicated guilty of committing a criminal offense in violation of the Criminal Code of 1961 (720 ILCS 5/1—1 *et seq.* (West 2000)). It is an appropriate disposition for all felonies and misdemeanors, with certain statutorily defined exceptions. 730 ILCS 5/5—5—3 (2000).

Compliance with the terms of probation is supervised by probation officers (730 ILCS 110/12 (West 2000)), who are judicial employees (730 ILCS 110/9b(3) (West 2000)) and are considered peace officers under Illinois law (730 ILCS 110/15(12) (West 2000)). If a defendant violates the terms of his probation, the violation is dealt with in accordance with section 5—6—4 of the Unified Code of Corrections (730 ILCS 5/5—6—4 (West 2000)). Under that statute, the defendant may be subject to arrest, revocation of probation and resentencing to any other sentence that was available under the Unified Code of Corrections at the time of his original sentencing.

Because probation is a criminal sentence the violation of which may lead to imposition of another criminal sentence following proceedings under the Unified Code of Corrections, I do not share the view adopted in *People v. Lindsey*, 199 Ill. 2d 460, 467 (2002) that probation revocation proceedings are civil in nature. Rather, I would follow the authority which holds that such proceedings are part of a "criminal case" within the meaning of article I, section 10, of the Illinois Constitution of 1970

(Ill. Const. 1970, art. I, § 10). See *People v. McNairy*, 309 Ill. App. 3d 220, 222-23 (1999).

Under article I, section 10, "[n]o person shall be compelled in a criminal case to give evidence against himself \*\*\*." Ill. Const. 1970, art. I, § 10. The circuit court violated that prohibition here when it required defendant to testify, over the objection of his attorney, at his probation revocation hearing. To the extent that decisions by our appellate court have taken a contrary view, they should be overruled.

Because defendant's privilege against self-incrimination was violated, we should reverse the order of the circuit court which revoked defendant's probation and resentenced him and remand for a new probation revocation hearing. We should further hold that the circuit court may not require defendant to take the witness stand at the new hearing and that it is prohibited from making any presumptions based on the absence of testimony by him. See 725 ILCS 5/115—16 (West 2000) (in a criminal case or proceeding, a defendant's "neglect to testify shall not create a presumption against [him]").

For the foregoing reasons, I dissent.

JUSTICE KILBRIDE joins in this dissent.