THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT AMOS (Impleaded), Defendant-Appellant.

Fourth District   No. 13717

Opinion filed March 31, 1977.

James Geis and Ira Moltz, both of State Appellate Defender's Office, of Chicago, and Mark L. Rotert, law student, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jon C. Baxter, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Albert Amos, and Vincent Parker were indicted for burglary and two counts of theft over $150, violations of sections 19—1, 16—1(a) and 16—1(d)(2) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, pars. 19—1, 16—1(a) and 16—1(d)(2)). Defendant's cause was severed from Parker's. At defendant's trial, the court directed a verdict of not guilty as to the second theft count. The jury found defendant not guilty of burglary and guilty of theft in that he knowingly obtained or exerted unauthorized control over property of the owner and intended to deprive the owner permanently of the use or benefit of that property. The defendant was sentenced to a term of imprisonment with the minimum fixed at 3 years, 4 months, and the maximum fixed at 10 years.

On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt and that the trial court committed reversible error by permitting the prosecutor to attempt to define reasonable doubt.

Factually, it appears that on August 19, 1975, police officers conducted a search of an apartment located at 1060 West Wood, Decatur, Illinois. They uncovered two sawed-off shotguns, their stocks and barrels, in a bedroom closet: two weeks previously, the guns had been stolen in a burglary of a Decatur grocery store. In a subsequent search of the apartment, personal papers belonging to defendant were found in a chest of drawers in the same bedroom as were the guns. The papers included athletic citations, a cosmetics purchase receipt, a traffic citation and a motor vehicle registration. Later when the police returned to the apartment, they found defendant and Parker there and arrested them.

Defendant first contends that he was not proved guilty beyond a reasonable doubt because the evidence was insufficient to show that he had possession of the stolen guns. At trial, a Decatur police detective testified that at the police station defendant denied residing at the West

Wood apartment and maintained that he lived at 333 South Main, Decatur. A police patrolman related that he had overheard a telephone conversation at the police station wherein defendant instructed his half-brother, Henry Huff, that, if he was asked, he was to tell the police that the defendant lived with him at 333 South Main. The defendant denied making this statement. Phyllis Kissell, a welfare caseworker, testified that, approximately 1½ months prior to his arrest, defendant, as an indigent, had requested and received food and household supplies because he stated he was moving to 1060 West Wood. The defendant disavowed having a West Wood residence but acknowledged visiting the apartment often. Defendant admitted his receipt of welfare assistance from Ms. Kissell and explained that he gave the articles received to his friend Vincent Parker. Parker acknowledged residing at the West Wood apartment but denied that the defendant lived there. Parker explained that he found Amos' papers in his car and was holding them in his apartment for the defendant. Henry Huff testified that defendant lived with him at 333 South Main.

■■ ■ This court will reverse a jury's verdict on the ground of insufficient evidence where there is a reasonable and well-founded doubt of guilt. (*People v. Zuniga* (1973), 53 Ill. 2d 550, 293 N.E.2d 595; *People v. Uselding* (1976), 39 Ill. App. 3d 677, 350 N.E.2d 283.) To support a conviction based on circumstantial evidence, the facts proved must be inconsistent with any reasonable hypothesis of innocence. (*People v. Branion* (1970), 47 Ill. 2d 70, 265 N.E.2d 1, *cert. denied*, 403 U.S. 907, 29 L. Ed. 2d 683, 91 S. Ct. 2213.) This does not mean that the trier of fact is required to search out a series of potential explanations compatible with innocence and elevate them to the status of a reasonable doubt. (*Zuniga; People v. Harris* (1976), 34 Ill. App. 3d 906, 340 N.E.2d 327.) The rule in Illinois is that the trier of facts determines the credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence. Where the evidence is merely conflicting, a reviewing court will not substitute its judgment for that of the trier of fact. *People v. Akis* (1976), 63 Ill. 2d 296, 298, 347 N.E.2d 733, 734-735.

■■ It is apparent in this case that the jury did not believe the defendant or his witnesses but rather believed the State's witnesses and determined that defendant resided at 1060 West Wood. We will not disturb the jury's determination as we find the verdict to be reasonable and adequately supported by the evidence.

The defendant's second contention concerns the following comments on reasonable doubt made by the prosecutor in his closing remarks:

"[PROSECUTOR]: As I stated in my opening statement, we have to prove this case beyond a reasonable doubt. We don't have

to prove it beyond all doubt. We don't have to prove it beyond a shadow of a doubt, and not an unreasonable doubt, but—

[DEFENSE COUNSEL]: We object to him trying to define reasonable doubt.

THE COURT: This is argument. It is overruled."

The prosecutor made no further comment on reasonable doubt. No instruction defining reasonable doubt was given to the jury.

■■ The defendant, citing *People v. Cagle* (1969), 41 Ill. 2d 528, 244 N.E.2d 200, contends that these comments constituted an attempt to define reasonable doubt and mandates reversal. It is well established in Illinois that the concept of reasonable doubt needs no definition and that the giving of an involved instruction defining it may be reversible error. (*People v. Viser* (1976), 62 Ill. 2d 568, 585, 343 N.E.2d 903, 912; *Cagle.*) The trial court did not compound the situation by giving an improper instruction nor did the prosecutor continue with this line of argument. The prosecutor's gratuitous comments to the jury were inappropriate but they fall far short of constituting reversible error. We do not condone any attempt to define reasonable doubt to the jury but we cannot conclude that the prosecutor's comments were obtuse, involved or likely to confuse the jury. See *Viser; People v. Mays* (1975), 30 Ill. App. 3d 461, 333 N.E.2d 6; *People v. Turner* (1975), 27 Ill. App. 3d 239, 326 N.E.2d 425.

Accordingly, we affirm the defendant's conviction of theft over $150.

Affirmed.

CRAVEN, P. J., and TRAPP, J., concur.