*In re* DAVID MICHAEL LACKEY, a Minor—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ALVIS RAY LACKEY *et al.*, Respondents-Appellants.)

Fifth District    No. 78-191

Opinion filed May 16, 1979.

KARNS, J., dissenting.

Joe Dees, of Vandalia, for appellants Alvis Ray Lackey and Edna Dean Lackey.

William D. Kelly, State's Attorney, of Vandalia (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Alvis Ray and Edna Dean Lackey, parents of David Michael Lackey, the minor in this cause, appeal from a judgment entered in a juvenile proceeding in the circuit court of Fayette County in which the parents were declared unfit, all parental rights terminated and the guardianship administrator of the Illinois Department of Children and Family Services appointed guardian of the minor with the power to consent to his adoption. The parents contend on appeal that they were denied effective assistance of counsel for two reasons: (1) in the proceeding adjudicating the custody of their child their court-appointed counsel was an assistant public defender, while the child was being represented by the public defender; and (2) their former court-appointed counsel subsequently became an assistant State's Attorney and participated in related proceedings on behalf of the State, although he did not participate in the proceeding which resulted in the judgment being appealed.

A petition was filed on February 27, 1975, seeking to have David Michael Lackey declared a dependent minor and ward of the court pursuant to section 2—5 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—5). George Huber was appointed counsel for the parents at the adjudicatory hearing held on the petition. On March 20 an order of adjudication was entered by the trial court declaring David Michael Lackey a dependent minor and ward of the court and granting temporary custody of the minor to Richard S. Laymon as guardianship administrator.

On December 1, 1975, George Huber became an assistant State's Attorney.

A supplemental petition was filed on June 15, 1976, which additionally sought to have the parents declared unfit and to have the power to consent to the minor's adoption transferred to the guardianship administrator. A hearing was conducted on July 26 with the parents appearing *pro se.* An order was entered on July 30 granting permanent custody of the minor to the guardianship administrator. The trial court, however, did not give the guardian the requested power to consent to adoption.

Another supplemental petition was filed on March 28, 1977, and was amended on May 2. The relief prayed for in this amended supplemental petition was duplicative of that sought in the previous petitions, and it requested, among other things, that the guardian be given the

power to consent to the minor's adoption. On March 29, 1978, a hearing was held on the latest petition. The parents' court-appointed counsel was Barbara Adams who was an assistant public defender. Her superior, public defender Dennis Huber, represented the minor as guardian ad litem. Huber recommended in closing argument that all parental rights be terminated and the guardianship administrator be granted the power to consent to the minor's adoption. This recommendation was followed by the trial court in an order entered on April 10. It is from this order that the parents appeal.

The parents initially contend that where they were being represented in a dependency proceeding by an assistant public defender, the presence of the public defender in the same proceeding as guardian ad litem for the minor constituted a conflict of interest. In support of the contention, they rely on *People v. Meng* (5th Dist. 1977), 54 Ill. App. 3d 357, 369 N.E.2d 549; *People v. Freeman* (5th Dist. 1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863, and argue that when a public defender is appointed to represent an individual, it is the office of public defender which is appointed, and it is the public defender who represents the individual in court, either personally or through his assistants. In situations where more than one party is represented by a separate assistant public defender those parties nevertheless are considered to be represented by the same counsel, the public defender. In applying this rationale to the instant case, the parents conclude that the representation afforded themselves and their child should be viewed as simultaneous representation by the public defender, and that, consequently, the public defender's recommendation with respect to the termination of parental rights and the transfer of adoptive rights from the parents to the guardianship administrator amounted to a conflict of interest, since the recommendation was contrary to the parents' interest in retaining those rights. We must agree.

■■ An individual's right to effective assistance of counsel entitles him to the undivided loyalty of his attorney. (*Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457.) "This fundamental right is violated whenever defense counsel is placed in a duplicitous position of having to represent conflicting interests restraining the full exercise of his independent professional judgment on behalf of an accused. [Citations.]" *People v. Baxtrom* (5th Dist. 1978), 61 Ill. App. 3d 546, 550, 378 N.E.2d 182, 186.

In criminal matters courts in Illinois have held an indigent defendant deserving of the undivided loyalty of a public defender where the defendant's trial counsel was an assistant public defender from the same office. (See *People v. Meng; People v. Freeman; People v. Spicer* (5th Dist. 1978), 61 Ill. App. 3d 748, 378 N.E.2d 169, *appeal allowed* (1978), 71

Ill. 2d 613; *People v. Ishman* (5th Dist. 1978), 61 Ill. App. 3d 517, 378 N.E.2d 179, *appeal allowed* (1978), 71 Ill. 2d 611.)

"When the public defender of a county is appointed for an indigent in a criminal case, it is the office of the defender that is appointed. [Citation.] In legal contemplation, then, it is the public defender who is in court after he is appointed, although he may appear there through appointed assistants. [Citation.]" *(People v. Benford* (1st Dist. 1975), 31 Ill. App. 3d 892, 895, 335 N.E.2d 106, 109; *People v. Spicer.)*

Thus, where multiple indigent defendants are being individually represented in a criminal action by separate assistant public defenders, such representation is treated for the purpose of conflicts analysis as if it were conducted by a single attorney, the public defender. *People v. Meng*; *People v. Freeman*; *People v. Spicer*; *People v. Ishman*.

■ In the case at bar we are confronted with a civil action in which two of the parties were deemed indigent and received court-appointed counsel pursuant to a statute. (Section 1—20 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701—20).) The parents were represented by the assistant public defender and the public defender was court-appointed counsel for the minor. We see no reason why an indigent party being represented by an assistant public defender in a civil action is any less deserving of the undivided loyalty of the public defender than an indigent defendant in a criminal proceeding whose counsel was also appointed in accordance with a statute. (Section 113—3(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 113—3(b).) Under each statute, section 1—20 and section 113—3(b), it is the office of public defender which is being appointed to represent the individual. Thus *People v. Meng, People v. Freeman, People v. Spicer* and *People v. Ishman* are analogous to civil proceedings requiring the appointment of counsel for indigent parties in the sense that it is the public defender who represents the party either individually or through his assistants. Accordingly, the parents were entitled to the undivided loyalty not only of their own trial counsel, but of the public defender as well who appeared in the dependency proceedings as guardian ad litem.

Our examination of the record reveals that the parents did not receive this undivided loyalty. Rather, the public defender advocated a position which actually conflicted with that of the parents. In closing argument he recommended in his role as guardian ad litem that the trial court strip the parents of all parental rights, including the power to consent to the adoption of their child. This recommendation diametrically opposed the parents' interest in retaining these adoptive rights.

We hold that the representation of the public defender not only constituted an actual conflict but reversible error as well.

■ The parents also contend that they were prejudiced by the appointment as assistant State's Attorney of an attorney who had been appointed to represent them in an earlier hearing. We find no merit to this contention.

George Huber was appointed counsel for the parents to contest the petition filed on February 27, 1975, and appeared in an adjudicatory hearing on March 13. He made no other appearances on behalf of the parents prior to his appointment as assistant State's Attorney on December 1, 1975, and none afterwards. Huber made only one appearance for the State which pertained to any of the petitions. On November 2, 1977, at a hearing on the amended supplemental petition he made a motion to withdraw himself from the case due to a conflict of interest. He stated at the hearing that he did not participate in the preparation of the amended supplemental petition, although he did review the petition. On the basis of the facts before us, we find no conflict of interest with respect to George Huber's participation in this cause.

For the foregoing reasons, we reverse the order of the trial court transferring adoptive rights to the guardianship administrator and remand for appointment of new counsel for the parents and a new hearing on the amended supplemental petition.

Reversed and remanded.

G. MORAN, P. J., concurs.

Mr. JUSTICE KARNS, dissenting:
I dissent for the reasons stated in my several dissenting opinions in the cases cited in the majority opinion which need not again be repeated.