(No. 52221.–

THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner, v. ALVIS RAY LACKEY *et al.,* Respondents.

*Supervisory order entered March 27, 1980.*

William J. Scott, Attorney General, of Springfield, and William D. Kelley, State's Attorney, of Vandalia (Raymond F. Buckley, Jr., and Gillum Ferguson, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Joe Dees, of Vandalia, for respondents.

PER CURIAM: The motion by petitioner for vacation of the order entered October 2, 1979, is allowed. That order is vacated and the following order is entered:

The appeal in this case was from an order of the circuit court of Fayette County terminating parental rights and appointing a guardian with power to consent to adoption.

The parents were represented by an assistant public defender, and the public defender himself represented the minor as guardian *ad litem.* The public defender recommended termination of parental rights and the appointment of a guardian with power to consent to adoption, a position clearly in conflict with the interest of the parents, who were represented by his assistant.

Unlike most criminal cases, there is no constitutional right to counsel in this case. (*In re Adoption of Hoffman* (1975), 61 Ill. 2d 569, 579-80, *cert. denied* (1976), 425 U.S. 958, 48 L. Ed. 2d 202, 96 S. Ct. 1738.) There is, however, express provision for the appointment of "the Public Defender or such other counsel as the case may require" when requested by an indigent party. (Ill. Rev. Stat. 1977, ch. 37, par. 701—20(1).) In determining whether, in a given situation, members of the public defender's staff can properly represent conflicting interests, the guidelines in prior cases must be applied. (See *People v. Robinson* (1979), 79 Ill. 2d 147.) Where a conflict of interest between multiple parties clearly appears and separate members of a public defender's staff cannot effectively represent all, other counsel must be appointed. (*Cf. People v. Miller* (1980), 79 Ill. 2d 454.) That rule is applicable in a case such as this, where the interests of the parents and the minor may be diametrically opposed. The conflict is apparent on the face of the record, and while the appellate court has written too broadly (*Robinson*) in suggesting the existence of a *per se* conflict where assistant public defenders represent differing interests, it did correctly hold that reversible error occurred here. In the exercise of this court's supervisory jurisdiction, the judgment of the Appellate Court for the Fifth District (71 Ill. App. 3d 705) is affirmed.

*Order vacated;*
*judgment affirmed.*