THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONELMO GOODUM, Defendant-Appellant.

First District (1st Division)   No. 81—2221

Opinion filed July 30, 1984.—Supplemental opinion filed on denial of rehearing October 9, 1984.

Steven Clark and Richard F. Faust, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jane E. Liechty, and Bernard J. Murray, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGLOON delivered the opinion of the court:

Following a jury trial, defendant Donelmo Goodum was convicted of two counts of armed robbery (Ill. Rev. Stat. 1983, ch. 38, par. 18—2), two counts of unlawful restraint (Ill. Rev. Stat. 1983, ch. 38, par. 10—3(a)), and two counts of armed violence (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2) based on the underlying felony of unlawful restraint. The trial court vacated the unlawful restraint convictions and sentenced him to concurrent terms of seven years on the armed robbery convictions and seven years on the armed violence convictions.

On appeal, defendant contends that (1) he was not proved guilty beyond a reasonable doubt; (2) his convictions for armed violence should be vacated because they are based on unlawful restraint; (3) he was denied his fourteenth amendment right to equal protection and his sixth amendment right to an impartial trial because the State used its peremptory challenges to exclude black jurors; and (4) his right to a fair trial was compromised by prosecutorial misconduct.

We affirm in part, reverse in part.

At trial, the crux of the State's case was the testimony of the complainants, Lendell Collier and Masseo Johnson. They testified that on March 18, 1981, at 10:30 p.m. they were with Michael Miller in C & J Liquors. As they left the tavern they were approached by defendant, who was holding what appeared to be a gun at his waist. Defendant directed them into an adjacent hallway. Once inside the hallway, defendant moved his gun from his waist to his jacket pocket. Thereafter, defendant's companion, Willie Robinson, entered the hallway. At defendant's command, Robinson searched the others' pockets, removed $33 and placed it on a bannister. Defendant seized the money from the bannister. Miller, oblivious to what was happening, entered the hallway and began joking with defendant. The owner of the building entered and ordered everyone to leave. Johnson, Collier and Miller ran out the door followed by defendant and Robinson. As they approached Collier's home, complainants and Miller noticed defendant and Robinson standing approximately 40 feet away in an alley. Defendant raised his arm and fired a shot in their direction. They then called police from Collier's home.

Officer Roger Vinge testified that he arrested defendant and Robinson near the alley where the shot was fired. Defendant attempted to discard a .38-caliber revolver which had one bullet dis-

charged. However, Officer Vinge was able to recover it. At the police station, Collier, Johnson and Miller identified defendant and Robinson from three separate lineups.

Assistant State's Attorney Ditore interviewed all of those involved in the incident. At trial, he testified as to the contents of Robinson's post-arrest statement. According to Robinson, defendant approached Collier and Johnson with what appeared to be a gun in his pocket. After someone gave defendant marijuana, defendant and Robinson went to a nearby alley where defendant pulled out his gun and fired a shot.

Ditore further testified that defendant gave an oral statement in which he claimed Robinson pulled a gun on complainants and took some marijuana from them.

Defendant's testimony at trial was inconsistent with his post-arrest statement. At trial, defendant and Robinson testified that they encountered Johnson, Collier and Miller at C & J Liquors and went next door to buy marijuana. Robinson gave $3 to Johnson, who displayed several bags of marijuana. When defendant complained about the quality, he and Johnson began to argue. Eventually everyone left the hallway. In an alley near Robinson's home, defendant took out the gun he was carrying and fired it to prove that it was real. Defendant discarded the gun when police approached. A police department receipt for personal property introduced at trial indicated that defendant had $2.41 in his possession at the time of his arrest.

Michael Miller testified for the defense. Corroborating defendant and Robinson's testimony, he testified that no armed robbery occurred. Rather, the entire incident was a dispute over a marijuana transaction.

Defendant was found guilty on all charges.

First, defendant contends that he was not proved guilty beyond a reasonable doubt. In support of this contention, defendant argues that the testimony of Michael Miller corroborated defendant and Robinson's testimony that no armed robbery occurred. He also relies on the fact that at the time of his arrest, he had only $2.41 in his possession.

■ Having thoroughly reviewed the record, we find that there was sufficient evidence to support the jury's verdict. It is well established that the testimony of one witness, if credible and positive, will sustain a conviction even though it is contradicted by the accused. (*People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182; *People v. Flores* (1979), 79 Ill. App. 3d 869, 398 N.E.2d 1132.) Testimony may be credible despite minor inconsistencies. (*People v. Lutz* (1982), 103 Ill. App. 3d 976, 431 N.E.2d 753.) Unless the evidence is so improba-

ble as to raise a reasonable doubt of a defendant's guilt, a reviewing court will not reverse a conviction based primarily on the trier of fact's determination that a witness is credible. *People v. Flores* (1979), 79 Ill. App. 3d 869, 398 N.E.2d 1132.

Defendant's convictions were based on the testimony of and identifications by the victims of the armed robbery and Michael Miller immediately following the crime. We find Collier's testimony to be credible and positive. Moreover, it was corroborated by Johnson. Although the proceeds of the armed robbery were not recovered, a conviction may be sustained on circumstantial evidence as well as tangible evidence. (*People v. Lutz* (1982), 103 Ill. App. 3d 976, 431 N.E.2d 753.) The evidence placed defendant near the scene of the crime and in possession of a revolver with one bullet discharged. Based on the evidence and testimony presented at trial, we find that defendant was proved guilty of armed robbery beyond a reasonable doubt and sustain his convictions and sentences on two counts of armed robbery.

Defendant was also convicted of two counts of armed violence based on unlawful restraint. In *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, the Illinois Supreme Court declared the armed violence statute, as applied to the unlawful restraint statute, violated the constitutional assurances of proportionate penalties and due process. In so holding, the court determined that a charge of armed violence cannot be founded upon the underlying felony of unlawful restraint. Accordingly, we vacate defendant's convictions and sentences for armed violence. *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512.

Next, defendant contends that his constitutional right to an impartial jury and right to due process were violated by the State's use of peremptory challenges to exclude blacks from the jury solely on the basis of race. In Illinois, it is now firmly established that a prosecutor may constitutionally exercise peremptory challenges to eliminate blacks from a jury unless distinctive groups within the community have systematically been excluded from the jury pool. (*People v. Williams* (1983), 97 Ill. 2d 252, 454 N.E.2d 220, *cert. denied* (1984), 466 U.S. ___, 80 L. Ed. 2d 836, 104 S. Ct. 2364; *People v. Pagliuca* (1983), 119 Ill. App. 3d 906, 458 N.E.2d 908.) Defendant bears the burden of producing evidence establishing systematic exclusion. (*People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353, *cert. denied* (1983), 464 U.S. 1001, 78 L. Ed. 2d 697, 104 S. Ct. 507.) In the instant case, defendant did not allege or prove that blacks had been systematically and purposefully excluded from the jury pool. Therefore, we find defendant did not meet his burden. *People v. Kendricks* (1984), 121

Ill. App. 3d 442, 459 N.E.2d 1137.

Finally defendant contends that the cumulative effect of the prosecutor's improper remarks made during closing and rebuttal arguments prejudiced defendant and denied him a fair trial. Specifically, defendant complains that the prosecution misstated the evidence, misstated the law, and made prejudicial and inflammatory remarks.

■ Defendant argues that the prosecutor implied that Michael Miller failed to respond to a subpoena when in fact, he testified that he was unaware that he had been subpoenaed. We agree that the prosecutor's misstatement of the evidence was improper. However, the trial court immediately sustained defendant's objection and instructed the jury to disregard the remark. Such admonishment from the court has been held to be sufficient to cure possible prejudice. See *People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200, and cases cited therein.

Defendant further argues that the following prosecutorial remarks were misstatements of the law:

> "*** The standard is reasonable doubt. Unless you have a reasonable doubt, your duty is to vote guilty. ***
>
> And a final factor, I want to emphasize, regarding credibility, is prior inconsistent statements. It's a point so important, you'll get a special instruction dealing only with that."

■ Although we believe that these comments were improper and that the State should be criticized for making such remarks, they were not reversible in nature. The jury was properly instructed on burden of proof, and it must be presumed that the jurors followed the court's instructions. (*People v. Bell* (1983), 113 Ill. App. 3d 588, 447 N.E.2d 909.) Furthermore, the comment did not negate the instruction or shift the burden of proof to defendant. *People v. Bell* (1983), 113 Ill. App. 3d 588, 447 N.E.2d 909.

Similarly, the prosecutor's comment regarding inconsistent statements expressly referred the jurors to the court's instructions of law. (*People v. Bell* (1983), 113 Ill. App. 3d 588, 447 N.E.2d 909.) As soon as the defendant objected, the assistant State's Attorney corrected himself, stating, "*** It [the instruction] is not more special, I didn't say more special, I said it was on its own separate instruction." Therefore, we believe that there is no reasonable likelihood that the misstatement could have affected the results of the trial.

We find other statements which defendant alleged were misstatements of law did not substantially prejudice him.

■ The last assignment of error concerns alleged prejudicial and inflammatory remarks. Specifically, defendant argues the prosecutor

insinuated that defendant intimidated the State's witnesses, that defendant paid for Michael Miller's testimony and that a not guilty verdict would endanger the community. We agree with defendant that these comments were improper. We recently reminded prosecutors that the frequency with which prosecutorial misconduct occurs is disturbingly high. (*People v. Robinson* (1984), 125 Ill. App. 3d 1077.) Rather than assuring convictions, such conduct increases the possibility of reversal. However, having reviewed the record in the instant case, we find that the improper comments did not contribute substantially to the verdict. We have already determined that Lendell Collier's testimony was credible and convincing. It was corroborated by Masseo Johnson. Consequently, considering the comments complained of individually and cumulatively, we find that reversal and a new trial are not warranted.

For the foregoing reasons, we affirm defendant's convictions and sentences for armed robbery, and vacate the convictions and sentences for armed violence.

Judgment affirmed in part, reversed in part.

BUCKLEY, P.J., and CAMPBELL, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE CAMPBELL delivered the opinion of the court:

■ Defendant has filed a petition for rehearing in this matter requesting a modification of the opinion in accordance with this court's recent decision in *People v. Frazier* (1984), 127 Ill. App. 3d 151. *Frazier* holds that, on review, the names of prosecutors be cited in those cases where the State has used peremptory challenges to systematically exclude blacks from juries. We are in agreement with *Frazier*.

Accordingly, the prosecutors representing the State in the selection of the jury in the case at bar were Assistant State's Attorneys John Mellen and John Lieberman. We pass no judgment and make no further reference in regard to their conduct or motive in the present case or in any other case.

BUCKLEY, P.J., concurs.
McGLOON, J., dissents.