THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DELBERT ELLIS, Defendant-Appellant.

Fourth District   No. 4—84—0823

Opinion filed July 18, 1985.

Daniel D. Yuhas and Judith N. Kirby, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant appeals his conviction for felony theft. We affirm.

Defendant was charged with the theft of a car belonging to William Pultz. The theft occurred when defendant, having legitimate possession of the car, sold it without Pultz' permission. A jury convicted defendant upon the following facts.

In late August 1984, William Pultz and his uncle, Lurty Pultz, had planned to trade their automobiles with each other. William properly assigned title to his car to Lurty. The next day, Lurty rescinded the deal. William's car was returned that day, along with the title. Lurty's name, as assignee, was scratched out, leaving William's assignor signature.

On September 1, William gave the car to defendant to have it serviced for an upcoming trip to Virginia. William had hired defendant to do the driving. Defendant knew of the open title in the trunk of the car. He took the car to Cole Motors and sold it for $550.

Defendant was convicted and sentenced to five years. He appeals, claiming two points of error.

■ The first error defendant claims is that he was not proved guilty beyond a reasonable doubt. The basis for this is, in essence, that William Pultz did not testify at trial that defendant did not have permission to sell the car. We note at the outset that the decision of the jury will be overturned only if palpably contrary to the manifest weight of the evidence. *People v. Nicholls* (1969), 42 Ill. 2d 91, 245 N.E.2d 771, *cert. denied* (1970), 396 U.S. 1016, 24 L. Ed. 2d 507, 90 S. Ct. 578.

Defendant made an inculpatory statement to the police. He admitted that the car was sold without permission. However, this alone would not be enough to convict. There must be some independent and corroborating evidence which must establish that a crime occurred. (*People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861.) This corroboration, however, does not have to prove the crime beyond a reasonable doubt. It is sufficient if there is evidence that tends to prove that an offense occurred or that the confession is not a product of the defendant's imagination. *People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861.

■ We find such independent and corroborative evidence exists in this case. Ron Cole, of Cole Motors, testified that he purchased the car from defendant for $550. Cole stated that defendant said that he had bought the car from a "gentleman" with whom he had been drinking the night before. Defendant further said that the "gentleman" wanted the car back, but defendant was keeping it. This was to explain the signature on the back of the title.

Cole's testimony substantially corroborates defendant's confession. Defendant was clearly shown to have sold someone else's car. Title was not in his name, but was in blank. To further show that it was sold without permission, it was shown that defendant was arrested the very day he sold the car. The action by the police was prompted

by the complaint of William Pultz. The jury could reasonably infer that Pultz would not have promptly complained had the car not been sold without his permission. Finally, although it is not an essential element of the crime, the State showed a motive on defendant's behalf. William Pultz owed defendant $200. Defendant sold the car and used the proceeds to cover the debt.

Therefore, we find sufficient evidence was presented to affirm the verdict.

■ Defendant's second point of error alleged that comments made by the prosecutor in closing argument deprived defendant of a fair trial by prejudicing the jury. Defendant points to five different comments made by the prosecutor. However, only two were properly preserved for appeal. The remaining comments were never objected to, nor were they raised in defendant's post-trial motion.

The objections to the comments were properly sustained. The court also instructed the jury to disregard them. This action by the court served to cure any error that may have occurred. *People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200; *People v. Goodum* (1984), 127 Ill. App. 3d 350, 468 N.E.2d 1237.

■ Although not preserved, we will analyze the prosecutor's reference to the reasonable-doubt standard. He stated, "We have the burden of proving the defendant guilty beyond a reasonable doubt. This does not mean beyond the possibility of a doubt or a shadow of a doubt. There is a possibility of some." While such comments as these should be avoided, our examination reveals that the comments were not prejudicial. Comments as those made here have been found harmless in other cases, even when properly preserved. (*People v. Amos* (1977), 46 Ill. App. 3d 899, 361 N.E.2d 861; *People v. Gray* (1979), 80 Ill. App. 3d 213, 399 N.E.2d 206.) The remaining comments complained of were alleged to be misstatements of the evidence. We find that these comments were not properly preserved for this appeal and consider them waived.

Therefore, for the foregoing reasons, the circuit court of Macon County is hereby affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.