807 N.E.2d 1246 (2004)
347 Ill. App.3d 476
283 Ill.Dec. 405
In re S.G., M.L., and T.L., Minors (The People of the State of Illinois, Petitioner-Appellee,
v.
T.O., Respondent-Appellant).
No. 5-02-0594.
Appellate Court of Illinois, Fifth District.
April 7, 2004.
*1247 Matthew S. Wilzbach, Wilzbach & Wilzbach, Salem, IL, for Appellant.
James Creason, State's Attorney, Salem, IL; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Contract Attorney, Office of the State's Attorneys Appellate Prosecutor, Mt. Vernon, IL, for Appellee.
Presiding Justice CHAPMAN delivered the opinion of the court:
Minors S.G., M.L., and T.L. were placed into the custody of the Illinois Department of Children and Family Services (Department) on October 19, 1998, after it was reported that their mother, respondent T.O., had neglected and abused them by subjecting them to physical violence in their home while she was intoxicated. The minors were adjudicated neglected and abused pursuant to sections 2-3(1) and (2) of the Juvenile Court Act of 1987(Act) (705 ILCS 405/2-3(1), (2) (West 1998)), made wards of the court, and placed with a foster family, where they have remained. On August 22, 2002, the trial court determined that T.O. was an unfit parent, and it terminated her parental rights, as well as the rights of the putative fathers. T.O. appeals the trial court's judgments finding the minors to be abused and neglected, finding her to be an unfit parent, and terminating her parental rights, based on the existence of a per se conflict of interest. We reverse and remand for new proceedings.
The facts pertinent to this appeal are simple. The trial court appointed counsel for T.O. and a guardian ad litem (GAL) for the minors at the first of several hearings that occurred in this matter. The transcript of the hearing reflects that the trial court appointed Brian Wernsman to represent T.O. because he had represented her earlier in the day in a criminal matter. (Wernsman, however, was not present at the hearing, and T.O. examined the State's sole witness herself.) Michael McHaney, a Marion County public defender, was appointed as the GAL for the minors and cross-examined the State's witness. The trial court concluded that there was probable cause to believe that the minors were abused, and the court placed them in the temporary custody of the Department.
Two months after the first hearing, the trial court vacated Wernsman's appointment as counsel for T.O. and appointed McHaney to represent T.O. Another attorney was appointed as the minors' GAL. The record does not reflect the trial court's reason for making these changes. McHaney represented T.O. at the remaining hearings, which culminated in T.O.'s parental rights being terminated. In sum, McHaney represented the minors as their court-appointed GAL from October 19, 1998, until December 17, 1998, and represented T.O. as her court-appointed counsel from December 17, 1998, through May of 2002.
T.O. contends that she was denied the effective assistance of counsel because McHaney had represented the minors as their GAL earlier in the proceedings. The sole issue for our review is whether McHaney's status as the GAL for the minors and his subsequent representation of T.O. in proceedings brought under the Act created a per se conflict of interest that rendered counsel's assistance ineffective. The issue of whether counsel labored under a *1248 per se conflict of interest is subject to de novo review. People v. Miller, 199 Ill.2d 541, 544, 264 Ill.Dec. 682, 771 N.E.2d 386, 387 (2002). We find that McHaney's prior representation of the minors created a per se conflict of interest in this case, which requires a reversal of the trial court's judgments.
Section 1-5 of the Act (705 ILCS 405/1-5 (West 2002)) provides that minors and their parents have the right to be represented by counsel in a juvenile proceeding. If a party requests counsel and is unable afford the fees, the trial court must appoint the public defender or other counsel as the case may require. 705 ILCS 405/1-5(1) (West 2002). Although proceedings under the Act are not intended to be adversarial (705 ILCS 405/1-5(1) (West 2002)), the Act contemplates the likelihood of conflicts of interest arising between minors and their parents. Section 2-17 requires the trial court to appoint a GAL in certain circumstances and permits the court to appoint a GAL whenever a conflict arises. 705 ILCS 405/2-17 (West 2002).
"Implicit within the right to counsel is that such representation be effective." In re Johnson, 102 Ill.App.3d 1005, 1011, 58 Ill.Dec. 31, 429 N.E.2d 1364, 1370 (1981); In re R.G., 165 Ill.App.3d 112, 127, 116 Ill.Dec. 69, 518 N.E.2d 691, 700 (1988). A parent's right to the effective assistance of counsel entitles her to the "undivided loyalty" of her attorney. In re Lackey, 71 Ill.App.3d 705, 707, 28 Ill.Dec. 352, 390 N.E.2d 519, 521, (1979), aff'd sub nom. People v. Lackey, 79 Ill.2d 466, 468, 89 Ill.Dec. 769, 405 N.E.2d 748, 749 (1980); In re Johnson, 102 Ill.App.3d 1005, 1011, 58 Ill.Dec. 31, 429 N.E.2d 1364, 1370 (1981). To protect this right, counsel may not represent conflicting interests or undertake the discharge of inconsistent duties. People v. Lawson, 163 Ill.2d 187, 209, 206 Ill.Dec. 119, 644 N.E.2d 1172, 1182 (1994). This concept is so central to our profession that it is embodied in our Rules of Professional Conduct 134 Ill.2d R. 1.9(a).
Although there is no constitutional right to counsel in cases brought under the Act (People v. Lackey, 79 Ill.2d 466, 468, 39 Ill.Dec. 769, 405 N.E.2d 748, 749 (1980)), Illinois courts apply the standard utilized in criminal cases to gauge the effectiveness of counsel in juvenile proceedings. See In re R.G., 165 Ill.App.3d at 127, 116 Ill.Dec.69, 518 N.E.2d at 701-02; In re J.C., 163 Ill.App.3d 877, 891, 114 Ill.Dec. 932, 516 N.E.2d 1326, 1335 (1987); In re D.M., 258 Ill.App.3d 669, 673-74, 197 Ill.Dec. 338, 631 N.E.2d 341, 344 (1994). Thus, it would follow that our resolution of T.O.'s ineffective-assistance-of-counsel claim would be guided by the standards set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Illinois Supreme Court in People v. Albanese, 104 Ill.2d 504, 85 Ill.Dec. 441, 473 N.E.2d 1246 (1984). Generally, in order to establish ineffective assistance of counsel, one must show both that counsel's representation fell below an objective standard of reasonableness and that a reasonable probability exists that, but for the error, the result would have been different. People v. Peeples, 205 Ill.2d 480, 511-13, 275 Ill.Dec. 870, 793 N.E.2d 641, 661-62 (2002). However, Illinois courts apply a different standard to determine whether certain conflicts of interest result in the ineffective assistance of counsel. The supreme court has recognized that in cases where a conflict is created by defense counsel's prior or contemporaneous association with either the prosecution or the victim, the effect of counsel's conflict may be so subtle or imperceptible that the record on appeal may not reveal the extent of the influence. In such a case, the complainant will not be *1249 able to demonstrate that counsel acted unreasonably or that the outcome of the case would have been different absent the conflict. This led the supreme court to develop what has been coined the "per se conflict of interest" rule. People v. Spreitzer, 123 Ill.2d 1, 13-23, 121 Ill.Dec. 224, 525 N.E.2d 30, 34-39 (1988) (the supreme court explains and clarifies the different classes of conflicts, the per se rule, and related terminology).
First adopted by the supreme court in People v. Stoval, 40 Ill.2d 109, 239 N.E.2d 441 (1968), the per se conflict-of-interest rule as applied in that case provides that when a criminal defendant's court-appointed counsel also represented the victim, the defendant is not required to establish actual prejudice in order to have his conviction reversed and to be entitled to a new trial. Stoval, 40 Ill.2d at 113, 239 N.E.2d at 444. Put another way, to obtain a reversal, a party complaining of such a conflict need not show that her counsel's performance was affected by the existence of the conflict. Spreitzer, 123 Ill.2d at 15, 121 Ill. Dec. 224, 525 N.E.2d at 35. In Stoval, the defendant's court-appointed counsel was simultaneously representing the defendant's victim in an unrelated civil suit, and defense counsel himself, as well as other members of his firm, had represented the victim in the past. Stoval, 40 Ill.2d at 112, 239 N.E.2d at 443. The Stoval court stated:
"[S]ound policy disfavors the representation of an accused, especially when counsel is appointed, by an attorney with possible conflict of interests. It is unfair to the accused, for who can determine whether his representation was affected, at least, subliminally, by the conflict. Too, it places an additional burden on counsel, however conscientious, and exposes him unnecessarily to later charges that this representation was not completely faithful. In a case involving such a conflict there is no necessity for the defendant to show actual prejudice." Stoval, 40 Ill.2d at 113, 239 N.E.2d at 444.
As we mentioned above, the per se conflict-of-interest rule is not limited to conflicts that arise as a result of counsel's simultaneous representation of criminal defendants and their victims. The rule has been applied to other conflicts, including where court-appointed defense counsel previously appeared in the same proceeding on behalf of the prosecution as an assistant State's Attorney. See People v. Kester, 66 Ill.2d 162, 5 Ill.Dec. 246, 361 N.E.2d 569 (1977). In Kester, the supreme court acknowledged this factual distinction yet held that its rationale in Stoval controlled. The court stated as follows:
"[T]he attorney might be subject to subtle influences which could be viewed as adversely affecting his ability to defend his client in an independent and vigorous manner. It might be contended, for example, that the advice and performance of court-appointed counsel in such a situation was affected by a subliminal reluctance to attack pleadings or other actions and decisions by the prosecution which he may have been personally involved with or responsible for. * * * As we noted in Stoval, it would be extremely difficult for an accused to show the extent to which this may have occurred." Kester, 66 Ill.2d at 167-68, 5 Ill.Dec. 246, 361 N.E.2d at 572.
We find that the policy concerns addressed by the supreme court in Stoval and Kester are equally present in the case before us. McHaney represented parties with adverse objectives at different times in the same proceedings. The State does not contest that the interests of T.O. and the minors were diametrically opposed in the proceedings below. Indeed, T.O. *1250 sought to retain the custody of her children and her parental rights while the State, the Department, and McHaney (as the GAL for the minors) advocated otherwise. The record may not reflect the nature and extent of the conflict's effect on McHaney's advocacy, thereby eliminating any possibility that T.O. could establish prejudice. Only McHaney can tell us to what degree, if any, his representation of the minors affected his representation of T.O. This situation should not be tolerated by our courts in any proceeding, civil or criminal.
We can think of no reason that a party in a proceeding brought pursuant to the Act should not be afforded the same standard of legal representation as a criminal defendant. Further, because this case involves court-appointed counsel rather than retained counsel, it demands closer scrutiny for conflicts of interest. People v. Berland, 74 Ill.2d 286, 303, 24 Ill.Dec. 508, 385 N.E.2d 649, 656 (1978). Consequently, we apply the per se conflict-of-interest rule in this case to advance the sound administration of justice. Although the record does not reveal that McHaney did not represent T.O. in a competent and dedicated manner with complete loyalty, we find that a per se conflict existed in this case as a result of his prior representation of the minors as their GAL and that T.O. need not show prejudice to secure a reversal.
In arguing that no per se conflict exists in this case, the State emphasizes the brevity of McHaney's GAL appointment on behalf of the minors and the limited activity he engaged in on the minors' behalf. Although it is true that the record reflects that McHaney appeared in court on behalf of the minors only once, at the shelter-care hearing, the State's argument belies the underlying purpose of the per se conflict-of-interest rule. It is what is not in the record, or what is incapable of being reflected by the record, that prompts us to apply the per se conflict-of-interest rule in this case. Our concern is with the opinions McHaney had already formulated about the "best interests of the children" when representing them and how those opinions might adversely impact his ability to later effectively represent T.O. with "undivided loyalty". Therefore, we decline to evaluate how actively McHaney represented the minors in assessing T.O.'s conflict-of-interest claim.
The State relies solely on In re D.B., 246 Ill.App.3d 484, 186 Ill.Dec. 279, 615 N.E.2d 1336 (1993), to support its argument that no per se conflict was created in this case. In that case, the mother, whose parental rights had been terminated, argued that she had been prejudiced by a conflict of interest of her attorney, who had previously served as the minor's GAL. Her attorney, however, had informed her of his prior representation of the minor and told her that he did not believe there would be a conflict of interest. The court held that there was no per se conflict of interest because counsel had not simultaneously represented the minor and the mother and because the mother continued to have her attorney represent her even though he had disclosed to her his prior representation of the minor. In re D.B., 246, Ill.App.3d at 492, 186 Ill.Dec. 279, 615 N.E.2d at 1341-42. We decline to follow In re D.B. for the proposition that only simultaneous representation can create a per se conflict of interest. Additionally, unlike the facts in In re D.B., the record here does not reveal any consultation between T.O. and McHaney about the potential for a conflict of interest, let alone a knowing waiver of her right to conflict-free counsel.
Under the circumstances in this case, where T.O.'s court-appointed counsel had previously served in the same juvenile proceedings as the GAL for the minors, we *1251 hold that prejudice is presumed and that T.O. is not required to demonstrate that the conflict contributed to any of the judgments entered against her. For the foregoing reasons, we reverse the judgments of the trial court finding that the minors are abused and neglected, finding T.O. to be unfit, and terminating T.O.'s parental rights, and we remand for the appointment of new counsel for T.O. and a new hearing on the amended petition. The trial court's judgments terminating the parental rights of the putative fathers, Duane L. and Claude O., are affirmed.
Affirmed in part and reversed in part; cause remanded.
WELCH and KUEHN, JJ., concur.