# Illinois Official Reports

## Appellate Court

---

**In re E.D., 2021 IL App (4th) 210267**

---

| | |
|---|---|
| Appellate Court Caption | *In re* E.D., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Nicole D., Respondent-Appellant). |
| District & No. | Fourth District<br>No. 4-21-0267 |
| Filed | October 12, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Woodford County, No. 19-JA-3; the Hon. Charles M. Feeney III, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Peter J. Lynch and Siobhan L. Smith, of Hasselberg, Rock, Bell & Kuppler LLP, of Peoria, for appellant.<br><br>Greg Minger, State's Attorney, of Eureka (Patrick Delfino and Rosario D. Escalera Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE TURNER delivered the judgment of the court, with opinion. Presiding Justice Knecht and Justice Holder White concurred in the judgment and opinion. |

**OPINION**

¶ 1        In March 2021, the State filed a motion for the termination of the parental rights of respondent, Nicole D., as to her minor child, E.D. (born in November 2009). Respondent admitted all the unfitness allegations in the petition. After an April 2021 hearing, the Woodford County circuit court found it was in the minor child's best interests to terminate respondent's parental rights.

¶ 2        Respondent appeals, asserting (1) reversible error occurred when she was represented by the assistant public defender while the public defender served as guardian *ad litem* and took an opposing position and (2) the circuit court erred by finding it was in the minor child's best interests to terminate respondent's parental rights. We reverse and remand with directions.

                              I. BACKGROUND

¶ 3

¶ 4        The minor child's father is deceased. In March 2019, the State filed a petition for the adjudication of wardship of the minor child. The petition alleged the minor child was neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2018)) in that his environment was injurious to his welfare due to respondent's unresolved issues (1) with alcohol use as respondent consumed alcohol while exclusively caring for the minor child resulting in the minor child calling relatives for help (count I) and (2) regarding her mental health that impacted respondent's ability to properly provide care and parenting skills for the minor child (count II). At the initial hearing, Andrew Lankton appeared as the guardian *ad litem*, and the circuit court appointed Jason Netzley to represent respondent. In April 2019, the court held the adjudicatory hearing, and respondent admitted count I. The court accepted her admission, adjudicated the minor child neglected as alleged in count I, and dismissed count II. At the dispositional hearing, the State asserted the minor child should be made a ward of the court, and the guardian *ad litem* agreed with the State's position. Respondent's counsel noted respondent understood one month of progress was likely not enough to demonstrate her fitness to the court. After hearing the parties' arguments, the court entered a written order finding respondent was unfit to care for, protect, train, or discipline the minor child. The court also made the minor child a ward of the court and appointed the Department of Children and Family Services as the minor child's guardian and custodian.

¶ 5        On April 6, 2020, the circuit court held a permanency review hearing. Netzley represented respondent at the hearing and Lankton was the guardian *ad litem*. The State for the first time requested the permanency goal be changed from return home to substitute care pending a determination of the termination of parental rights. Lankton agreed with the State's recommendation. Netzley asserted the court should look at respondent's efforts from a broader perspective and keep the goal as return home. The court entered a permanency order changing the goal to substitute care pending a determination of the termination of parental rights.

¶ 6        At the September 18, 2020, permanency review hearing, Lankton agreed with Netzley the goal should be changed to return home. The circuit court agreed and changed the goal to return home pending a status hearing.

¶ 7        At the March 1, 2021, permanency review hearing, respondent testified she had a relapse in December 2020 and consumed alcohol. Respondent was arrested for a probation violation

due to her alcohol consumption. Respondent had not consumed alcohol since her arrest. Based on the relapse, the State again asked the circuit court to change the goal to substitute care. Lankton agreed with the State's recommendation. Netzley contended that, despite the relapse, respondent had made reasonable efforts and reasonable progress. After hearing the parties' arguments, the circuit court changed the goal to substitute care pending a determination of the termination of parental rights.

¶ 8 Also, at the hearing, the State gave respondent a petition for termination of her parental rights, and the circuit court read it in open court. The motion asserted respondent was unfit because she failed to make (1) reasonable efforts to correct the conditions that were the basis for the minor child's removal from her during any nine-month period following the neglect adjudication (750 ILCS 50/1(D)(m)(i) (West 2020)), specifically the period of July 6, 2019, and April 6, 2020; (2) reasonable and substantial progress toward the minor child's return during any nine-month period after the neglect adjudication (750 ILCS 50/1(D)(m)(ii) (West 2020)), specifically the period of July 6, 2019, and April 6, 2020; (3) reasonable efforts to correct the conditions that were the basis for the minor child's removal from her during any nine-month period following the neglect adjudication (750 ILCS 50/1(D)(m)(i) (West 2020)), specifically the period of June 1, 2020, and March 1, 2021; and (4) reasonable and substantial progress toward the minor child's return during any nine-month period after the neglect adjudication (750 ILCS 50/1(D)(m)(ii) (West 2020)), specifically the period of June 1, 2020, and March 1, 2021. At a hearing later that same day, respondent admitted all four counts of the termination petition.

¶ 9 On April 19, 2021, the circuit court held the best interests hearing. Netzley again represented respondent, and Lankton was the guardian *ad litem*. After the presentation of evidence, the State argued all the best interests factors weighed heavily in favor of terminating respondent's parental rights. Netzley asked the court to consider not terminating respondent's parental rights. Respondent had testified the minor child would do better with her because she understood his educational needs and had the time to address them. Lankton agreed with the State all the best interests factors weighed in favor of termination of respondent's parental rights. After hearing the parties' arguments, the circuit court found it was in E.D.'s best interests to terminate respondent's parental rights. On April 21, 2021, the court entered a written order terminating respondent's parental rights to E.D.

¶ 10 On May 11, 2021, respondent filed a notice of appeal in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). See Ill. S. Ct. R. 660(b) (eff. Oct. 1, 2001) (providing the rules governing civil cases also govern appeals from final judgments in all proceedings under the Juvenile Court Act, except for delinquency cases). Thus, this court has jurisdiction of the appeal pursuant to Illinois Supreme Court Rule 307(a)(6) (eff. Nov. 1, 2017).

¶ 11 II. ANALYSIS

¶ 12 Respondent first asserts reversible error resulting from a conflict of interest because respondent was represented by an assistant public defender while the public defender was the guardian *ad litem* and they had opposing positions. The State contends respondent forfeited that argument because she failed to raise the issue on appeal after the dispositional order. We review the matter *de novo*. See *In re Br. M.*, 2021 IL 125969, ¶ 37 (applying the *de novo* standard of review to the question of whether a *per se* conflict of interest existed).

¶ 13 In support of her argument, respondent cites our supreme court's decision in *People v. Lackey*, 79 Ill. 2d 466, 468, 405 N.E.2d 748, 748 (1980), in which it found reversible error occurred in termination proceedings. There, the minor's parents were represented by an assistant public defender, and the public defender represented the minor as guardian *ad litem*. *Lackey*, 79 Ill. 2d at 468. The public defender recommended termination of parental rights and the appointment of a guardian with power to consent to the minor's adoption, a position clearly in conflict with the parents' interest, who were represented by the assistant public defender. *Lackey*, 79 Ill. 2d at 468.

¶ 14 In finding reversible error, the supreme court applied guidelines in prior cases regarding whether members of the public defender's staff can properly represent conflicting interests. *Lackey*, 79 Ill. 2d at 468. It noted, "[w]here a conflict of interest between multiple parties clearly appears and separate members of a public defender's staff cannot effectively represent all, other counsel must be appointed." *Lackey*, 79 Ill. 2d at 468. The supreme court found that rule was applicable to the case before it because the interests of the parents and the minor could be diametrically opposed. *Lackey*, 79 Ill. 2d at 468. There, the conflict was apparent on the face of the record. *Lackey*, 79 Ill. 2d at 468. The supreme court did clarify the appellate court's decision was written too broadly in suggesting the existence of a *per se* conflict of interest where assistant public defenders represent differing interests. *Lackey*, 79 Ill. 2d at 468.

¶ 15 In this case, the State does not dispute the assertion both the public defender and the assistant public defender were involved in this case. The Woodford County website lists Netzley, who represented respondent as the assistant public defender, and Lankton, who was the guardian *ad litem*, as the public defender. See *Public Defender*, County of Woodford, Ill., https://www.woodford-county.org/193/Public-Defender (last visited Oct. 12, 2021) [https://perma.cc/AX4C-JRPF]. The record first shows the position of the two attorneys were diametrically opposed at the April 6, 2020, permanency review hearing where Lankton agreed with the State's recommendation the goal of return home should be changed and Netzley disagreed, asserting the goal should not be changed. A second situation of opposing positions occurred at the March 1, 2021, permanency review hearing when Lankton again agreed with the State's recommendation the goal should be changed to substitute care and Netzley argued against the goal change. Finally, like in *Lackey*, the two attorneys' positions were diametrically opposed at the best interests hearing when Lankton recommended termination of respondent's parental rights and Netzley asked the court to consider not terminating respondent's parental rights. Thus, as in *Lackey*, the face of the record shows a conflict of interest between the public defender and the assistant public defender.

¶ 16 The State asserts respondent has forfeited her conflict of interest argument because she could have raised the issue on appeal after the dispositional order. It cites *In re Leona W.*, 228 Ill. 2d 439, 457, 888 N.E.2d 72, 81 (2008), where the supreme court found any error pertaining to the dispositional order had been forfeited. However, respondent is asserting the conflict arose first in April 2020, which is a year after the dispositional order. Respondent notes the position of the public defender, who was the guardian *ad litem*, was contrary to the position of the assistant public defender who was representing her. Respondent makes no mention of the dispositional hearing. Thus, we disagree with the State respondent has forfeited her conflict of interest argument.

¶ 17 Since the conflict of interest arose before respondent admitted the unfitness allegations in the State's petition for termination of parental rights, we reverse *in toto* the circuit court's April

- 4 -

2021 order terminating respondent's parental rights to the minor child. We remand the cause for the appointment of new counsel for respondent and a new guardian *ad litem*. On remand, the proceedings on the State's March 1, 2021, petition for termination of parental rights should start anew. Given our resolution of respondent's conflict of interest argument, we do not address respondent's other argument.

¶ 18                                    III. CONCLUSION

¶ 19        For the reasons stated, we reverse the Woodford County circuit court's April 2021 judgment and remand the cause for further proceedings in accordance with this opinion.

¶ 20        Reversed and remanded.