NOTICE

Decision filed 02/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 231010-U

NO. 5-23-1010

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Gallatin County. |
| | ) | |
| v. | ) | No. 20-CF-62 |
| | ) | |
| BRANNON I. RANDALL, | ) | Honorable |
| | ) | Thomas J. Foster, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the circuit court did not abuse its discretion when it denied the defendant's motion to withdraw guilty plea, and no argument to the contrary would have substantial merit, the defendant's appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    Pursuant to a negotiated agreement with the State, the defendant, Brannon I. Randall, pleaded guilty to burglary and was sentenced to imprisonment for five years. He subsequently filed a motion to withdraw the guilty plea. The circuit court denied that motion, and the defendant now appeals. In this court, the defendant's appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has filed a motion to withdraw as counsel, plus a supporting brief, arguing that this appeal lacks substantial merit. See *Anders v. California*, 386 U.S. 738 (1967); *People v. Jones*, 38 Ill. 2d 384 (1967). OSAD provided the defendant with a copy of its *Anders*

1

motion and brief. This court provided the defendant with an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw or why this appeal has substantial merit, but the defendant has not availed himself of that opportunity. This court has examined OSAD's *Anders* motion and brief, as well as the entire record on appeal. For the following reasons, this court concludes that the instant appeal does indeed lack merit. Accordingly, this court must grant OSAD's *Anders* motion and must affirm the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4      In Gallatin County, the defendant was charged with burglary, a Class 2 felony (see 720 ILCS 5/19-1(a), (b) (West 2020)), and misdemeanor theft. The defendant was incarcerated in the Gallatin County jail. Bond was set at $30,000, 10% rule to apply. Public defender Nathan Rowland was appointed as counsel for the defendant.

¶ 5      On April 11, 2022, the defendant, public defender Rowland, and a prosecutor appeared before the circuit court. The prosecutor announced that the parties had reached a "partially-negotiated open plea." The prosecutor explained that pursuant to the parties' negotiations, the defendant would plead guilty to the burglary charge, and the State would move to dismiss the theft charge plus the charges in a 2019 Gallatin County felony case; the defendant would be sentenced for burglary at some future date, and any prison sentence would have a "cap" of seven years, which was the maximum nonextended term of imprisonment for that offense. (As the parties made clear, the defendant was eligible for an extended term of imprisonment, due to his fairly extensive criminal history, which included convictions for Class 2 felonies.) Finally, the prosecutor noted the parties' agreement that the defendant's bond would be amended from a $30,000 cash deposit

bond to a $50,000 personal recognizance bond. The prosecutor explained that the bond was being modified so that the defendant "can make efforts to attend rehabilitation in the State of Indiana."

¶ 6    In response to the judge's query, the defendant indicated that the terms of the plea agreement had been fully and accurately stated. The court proceeded to admonish the defendant as to the nature of the charge of burglary, and the defendant indicated his understanding of the charge and that he did not have any questions about it. See Ill. S. Ct. R. 402(a)(1) (eff. July 1, 2012). The court explained the possible penalties for burglary, a Class 2 felony. These included the possibility of imprisonment, which ordinarily would have a term of 3 to 7 years, but which would have an extended term of 7 to 14 years, and any term of imprisonment would be followed immediately by mandatory supervised release (MSR) for a term of 1 year. The defendant indicated his understanding of all the penalties and that he did not have any questions about them. See Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012). The court admonished the defendant of his right to plead not guilty, his right to a trial, his right to choose whether to be tried by a jury or by a judge, his right to an attorney, or to an appointed attorney if he could not afford an attorney, his right to confront and cross-examine the State's witnesses against him, his right to present a defense, his right to subpoena witnesses and to compel them to testify at trial, his right to remain silent, and to refrain from testifying at trial, the presumption of innocence, and the State's obligation to prove his guilt beyond a reasonable doubt. The defendant indicated that he understood all of these rights, etc., and did not have any questions about them. The court further admonished the defendant that if he pleaded guilty, he would "waive or give up" almost all of those rights, including the right to a trial, and he would be admitting that he committed the burglary. The defendant indicated his understanding of all these matters. See Ill. S. Ct. R. 402(a)(3), (4) (eff. July 1, 2012). He acknowledged signing a written plea of guilty to burglary, and he indicated that he wanted the

3

court to accept it as his plea of guilty. In response to specific questions from the court, the defendant indicated that nobody had promised him anything at all, beyond the terms of the plea agreement, in order to persuade him to plead guilty, and that his plea was made freely, knowingly, and voluntarily. See Ill. S. Ct. R. 402(b) (eff. July 1, 2012).

¶ 7     The State presented a factual basis for the plea. See Ill. S. Ct. R. 402(c) (eff. July 1, 2012). According to the State, two police officers would testify that on October 6, 2020, the defendant was located inside an unoccupied residence in Equality, Illinois, and he possessed personal property from the residence. The owner of the residence, and of the personal property, had not authorized him to be in that residence or to take control of that personal property. The court asked the defendant whether he agreed "that that is, in fact, what did occur?" The defendant answered, "Yes, Your Honor."

¶ 8     The court accepted the plea, finding that it had been made "freely, knowingly, and voluntarily." Also, the court dismissed the theft charge in the instant case, as well as the charges in the 2019 felony case. Finally, the court modified the defendant's bond to a $50,000 personal recognizance bond, permitting him to travel to Indiana for substance-abuse treatment. The court directed the probation department to prepare a presentence investigation report (PSI) and scheduled a sentencing hearing. So ended the guilty-plea hearing of April 11, 2022.

¶ 9     The defendant was released in this case on a recognizance bond, yet remained in custody due to holds placed on him by Saline County and Jefferson County. Saline County kept him in custody after he pleaded guilty in this case, and later Jefferson County took him into custody. The defendant was eventually released from Jefferson County, but while at liberty was arrested and charged in Gallatin County case No. 22-CF-23 with possessing methamphetamine.

¶ 10    On August 15, 2022, a sentencing hearing was held. The court sentenced the defendant to imprisonment for a term of five years, to be followed by MSR for one year. Also on that date, in case No. 22-CF-23, the defendant pleaded guilty to possession of methamphetamine and was sentenced to two years in prison, concurrent with the five-year sentence in the instant case.

¶ 11    The defendant promptly filed a letter with the court that expressed a desire to withdraw his guilty plea. In March 2023, the court appointed substitute counsel Lacie J. McDonald to represent the defendant in seeking withdrawal of his plea in the instant case.

¶ 12    In June 2023, attorney McDonald filed, on behalf of the defendant, a motion to withdraw guilty plea and vacate sentence. According to the motion, the plea was not knowing, intelligent, and voluntary, and there was an actual conflict of interest between the defendant and his plea counsel, Rowland. (Additional information on the motion's contents will be provided as necessary for discussion of the issues herein.) Attorney McDonald also filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 13    On September 25, 2023, the defendant, attorney McDonald, and the prosecutor gathered for a hearing on the defendant's motion to withdraw plea. Only one witness testified for the defense—the defendant himself. When attorney McDonald asked the defendant to explain why he thought his plea was not knowing, intelligent, and voluntary, the defendant explained that on the day of his guilty plea, he asked his attorney at the time, Rowland, about the defendant's incarceration in Jefferson County on a failure to appear. Rowland replied that resolution of that matter would require about one month, and that it was "[the defendant's] business" and not Rowland's. "[N]o more than 15 minutes later," the defendant further testified, the State's plea offer was presented to him. He had only "a couple of minutes" to decide whether to accept the offer. He asked attorney Rowland for "a little time to think about it," but Rowland responded, essentially,

5

that "it needs to be done or things could be worse." With that, the defendant "didn't know what else to do."

¶ 14     The defendant recalled that the court had questioned him about the voluntariness of his plea, and that he had expressed agreement that his plea was voluntary. However, he testified, in reality he did not think that his plea was voluntary; he was simply trying to avoid "mak[ing] things worse." Even though the defendant told the judge at the guilty-plea hearing that he was not threatened or coerced, he felt that he was. At the time he pleaded guilty, he thought that he would be released, and thus able to enter drug rehabilitation. At the time he pleaded, he was told that he would be released. However, after his plea, he was not released and was unable to enroll in drug rehabilitation.

¶ 15     The defendant also testified that Rowland had previously represented him, in a Saline County case in 2009. In that earlier case, the defendant had filed a complaint about Rowland with the Attorney Registration and Disciplinary Commission (ARDC), and had told Rowland about the filing. The judge in that case removed Rowland and substituted another attorney for the defendant. The defendant felt sure that Rowland's conflict continued into the instant case. Rowland refused to file motions, etc., that the defendant wanted to see filed in the instant case, and the defendant thought that the failure to file resulted from the prior conflict and the prior ARDC complaint.

¶ 16     The State did not call any witnesses. The parties presented arguments.

¶ 17     The judge then announced his findings and ruling. The judge stated that the defendant, at the hearing on April 11, 2022, had stated that his plea was made freely, knowingly, and voluntarily. The judge found that the defendant had been thoroughly admonished about the charge to which he was pleading guilty, about the penalties for that charge, and about all of his trial rights, and the defendant understood that by pleading guilty, he was waiving his right to a trial and all of his trial

6

rights. The judge further found that the prosecutor had provided a factual basis for the plea, to which the defendant had assented. Therefore, said the judge, there was substantial compliance with Rule 402. Although the defendant testified at the motion hearing that he did not have enough time to consider the plea offer, he did not claim anything of the sort at the guilty-plea hearing. The judge stated that "all he had to do was say, I need so [*sic*] some more time to consider this," and "I would have given him more time to consider it." Furthermore, "[n]othing was mentioned [at the guilty-plea hearing] about any kind of conflict of interest." There was no *per se* conflict between attorney Rowland and the defendant, the judge found, and the defendant had not described any actual conflict with Rowland. "Conclusory statements are insufficient to establish an actual conflict of interest," the judge commented. Accordingly, the court denied the defendant's motion to withdraw guilty plea.

¶ 18    On October 19, 2023, the defendant filed a notice of appeal. The court appointed OSAD to represent the defendant on appeal.

¶ 19    The foregoing facts provide a background for understanding this case. Additional material will be provided as necessary for an understanding of specific issues.

¶ 20                                ANALYSIS

¶ 21    This appeal is from the circuit court's denial of the defendant's motion to withdraw guilty plea. "Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice under the facts involved." *People v. Pullen*, 192 Ill. 2d 36, 39 (2000). "Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *People v. Hughes*, 2012 IL 112817, ¶ 32. "The decision to grant or deny a motion

7

to withdraw a guilty plea rests in the sound discretion of the circuit court and, as such, is reviewed for abuse of discretion." *People v. Baez*, 241 Ill. 2d 44, 109-10 (2011).

¶ 22    As previously noted, OSAD has concluded that this appeal lacks arguable merit, and on that basis it has filed an *Anders* motion to withdraw as counsel for the defendant, along with a brief in support of the motion. In its brief, OSAD address three potential issues on appeal, *viz.*: (1) whether the defendant's plea was involuntary where he asked his plea counsel for additional time to consider the plea offer and counsel replied that things could get worse if he did not accept the offer; (2) whether the defendant received the benefit of his bargain with the State when he, despite being released on his own recognizance in the instant case, was still incarcerated by other counties; and (3) whether plea counsel was ineffective because he labored under a conflict of interest after being removed as the defendant's counsel in a prior case. None of these potential issues has any merit.

¶ 23    The first of OSAD's three potential issues involves the voluntariness of the defendant's plea. The defendant claimed in his motion to withdraw guilty plea, and he testified at the hearing on that motion on September 25, 2023, that his plea of guilty was not knowing, intelligent, and voluntary. He testified at that hearing that after the State's plea offer was presented to him, he asked his attorney, Rowland, for "a little time to think about it," but Rowland responded that "it needs to be done or things could be worse." At that point, the defendant further testified, he "didn't know what else to do," and so he went ahead and accepted the plea offer, entering his plea of guilty to burglary.

¶ 24    The defendant's testimony flew in the face of his statements at the guilty-plea hearing. The defendant was properly and thoroughly admonished and questioned pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) ("Pleas of Guilty or Stipulations Sufficient to Convict"), a rule

that exists in order to ensure that guilty pleas comply with the various aspects of due process. See *People v. Davis*, 145 Ill. 2d 240, 249 (1991). The court specifically informed the defendant about the nature of the charge of burglary, the minimum and maximum sentences, his right to plead guilty or not guilty, and the plea of guilty as a waiver of trial rights, and the court determined that he understood all of those points. See Ill. S. Ct. R. 402(a) (eff. July 1, 2012) ("Admonitions to Defendant."). The court also determined that no threats or force, or any promises apart from the plea agreement itself, were used to obtain the plea. See Ill. S. Ct. R. 402(b) (eff. July 1, 2012) ("Determining Whether the Plea is Voluntary."). The defendant plainly and unequivocally indicated that his guilty plea was freely, knowingly, and voluntarily made, and the court explicitly found that it was so made. Nothing that was said at the guilty-plea hearing suggested that the defendant's plea was anything but free, knowing, and voluntary.

¶ 25     Also at the September 25, 2023, hearing on the motion to withdraw guilty plea, the defendant testified that his guilty plea was not voluntary, but it was intended simply to avoid "mak[ing] things worse." At most, the defendant had a subjective impression that his plea was involuntary. There was nothing that objectively showed a lack of voluntariness. See *People v. Wilson*, 295 Ill. App. 3d 228, 236 (1998) (the defendant has the burden of showing that he felt coerced at the time of his guilty plea, but "subjective impressions alone are not sufficient grounds on which to vacate a guilty plea").

¶ 26     As for attorney Rowland's alleged comment that if the defendant did not accept the State's plea offer, "things could be worse," it amounted to no more than an expression of Rowland's professional opinion, not to any sort of threat or attempt to intimidate. "Things" certainly could have been worse for the defendant if he had not accepted the plea offer. For example, without the plea offer, he could have been sentenced to an extended term of imprisonment for the burglary,

and the felony charges in his 2019 case would not have been dismissed. See *People v. Coleman*, 2011 IL App (1st) 091005, ¶ 31 (counsel's expression of a professional opinion, based on the evidence and circumstances of the case, "cannot form the basis of a claim that the advice was not objectively reasonable").

¶ 27    The second of OSAD's potential issues involves whether the defendant received the benefit of his plea agreement. The agreement included a provision that the defendant's bond would be modified from a cash deposit bond to a personal recognizance bond. As the prosecutor explained when describing the plea agreement to the court, that provision was included so that the defendant "can make efforts to attend [drug] rehabilitation in the State of Indiana." The defendant was, in fact, freed from Gallatin County jail on a recognizance bond in this case. However, Jefferson County had a custody hold on him, and he was subsequently incarcerated in the Jefferson County jail on a Jefferson County case, thus preventing him from attending rehabilitation.

¶ 28    When a defendant's guilty plea " 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' " *Hughes*, 2012 IL 112817, ¶ 68 (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). "The principal inquiry, in that respect, is whether the defendant has received the benefit of his bargain." *People v. Donelson*, 2013 IL 113603, ¶ 19. The State's breach of its promise can serve as the basis for the defendant's motion to withdraw guilty plea. *People v. Hirsch*, 312 Ill. App. 3d 174, 181 (2000).

¶ 29    Here, an examination of the parties' plea agreement shows that the defendant received the benefit of his bargain. As agreed, the defendant pleaded guilty to the burglary charge, and the misdemeanor theft charge was dismissed, along with the charges in the 2019 felony case; the defendant was sentenced on the burglary to five years of imprisonment, which was within the

10

seven-year "cap" on his sentence; and his bond in this case was amended from a cash deposit bond to a personal recognizance bond. All the provisions of the agreement were fulfilled. The defendant got exactly what he had bargained for. (The fact that Jefferson County subsequently incarcerated him on another matter was outside the control of the Gallatin County prosecutor or court.)

¶ 30    The third of OSAD's potential issues involves whether the defendant's plea counsel had a conflict of interest with the defendant. This court reviews *de novo* whether an attorney was laboring under a conflict of interest. *People v. Miller*, 199 Ill. 2d 541, 544 (2002).

¶ 31    A criminal defendant has a constitutional right to the undivided loyalty of counsel, free of conflicting interests. *People v. Woidtke*, 313 Ill. App. 3d 399, 409 (2000). Conflicts may be *per se* or actual. *People v. Hernandez*, 231 Ill. 2d 134, 144 (2008). In criminal proceedings, three situations may result in a *per se* conflict: (i) defense counsel has a prior or contemporaneous relationship with the victim, prosecution, or entity assisting the prosecution; (ii) defense counsel contemporaneously represents a prosecution witness; and (iii) defense counsel was a former prosecutor who had been personally involved in the defendant's prosecution. *People v. Taylor*, 237 Ill. 2d 356, 374 (2010). The defendant did not allege that his conflict fell into any of these three categories. Instead, he alleged an actual conflict of interest, *i.e.*, a conflict that adversely affected his attorney's performance. See, *e.g.*, *People v. Austin M.*, 2012 IL 111194, ¶ 82.

¶ 32    Here, the defendant claimed that the conflict stemmed from a 2009 Saline County criminal case in which he was the defendant and Rowland served as his attorney. The defendant testified at the hearing on September 25, 2023, that in that 2009 case, he had wanted Rowland to file "some motions" but Rowland did not file them, and the defendant had filed an ARDC complaint against Rowland. (The defendant did not provide any specifics regarding the motions he wanted Rowland to file, and he did not offer into evidence the ARDC complaint itself.) However, the defendant's

11

testimony was not enough to show an actual conflict of interest in 2009. "Speculative allegations and conclusory statements are insufficient to establish an actual conflict of interest." *People v. Yost*, 2021 IL 126187, ¶ 38; see also *People v. Johnson*, 227 Ill. App. 3d 800, 814 (1992) (an actual conflict does not exist "every time a defendant files a disciplinary complaint").

¶ 33     Even if the defendant had established that a conflict of interest existed in 2009, there is no evidence that the conflict continued into the instant case—more than a decade later. Moreover, at a hearing in the instant case in July 2022, public defender Rowland could barely recall the 2009 Saline County case, and he had no memory of a conflict with the defendant. As OSAD states in its *Anders* brief, "there is nothing to show that the prior case impacted Rowland's performance here."

¶ 34                                    CONCLUSION

¶ 35     The circuit court did not abuse its discretion when it denied the defendant's motion to withdraw guilty plea. There was essentially no evidence that the plea was involuntary, or that the defendant did not receive the full benefit of his plea agreement, or that his plea counsel labored under a conflict of interest. No argument to the contrary would have substantial merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 36     Motion granted; judgment affirmed.